WILLIAM A. DAVIDSON v. UNITED STATES FIDELITY AND GUARANTY COMPANY

No. 8526SC481

(Filed 3 December 1985)

**Insurance § 69— underinsured motorist coverage—reduction by settlement with tort-feasor**

Where the unambiguous terms of plaintiff's automobile insurance policy and N.C.G.S. 20-279.21(b)(4) limited his underinsured motorist coverage to the difference between his underinsured coverage and the sum collected from the tort-feasor for bodily injury, plaintiff's policy provided underinsured motorist liability for bodily injury of $25,000 per person, and plaintiff settled with the tort-feasor for $25,000 for his bodily injuries, plaintiff was not entitled to recover anything from defendant insurer under his underinsured motorist coverage since the $25,000 limit on such coverage was reduced by the $25,000 plaintiff received in the settlement.

Judge BECTON concurring in the result.

Judge COZORT dissenting.

APPEAL by the plaintiff from *Burroughs, Judge.* Judgment entered 10 December 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 31 October 1985.

This is a declaratory judgment action by the plaintiff seeking a declaration that he is entitled to recover under an underinsured motorists provision in an automobile insurance policy. The plaintiff purchased from the defendant a policy which included coverage for underinsured motorists liability for bodily injury at a limit of $25,000.00 per person and $50,000.00 per accident. The plaintiff was in an automobile accident and sustained serious injuries resulting in medical expenses exceeding $100,000.00. He settled with the driver of the other automobile for $25,000.00, the policy limit on liability coverage for bodily injury to one person in one accident. Thereafter the plaintiff filed this action against the defendant for payment of benefits under his underinsured motorists coverage.

The trial court denied the plaintiff's motion for summary judgment and entered summary judgment in favor of the defendant. The plaintiff appealed.

*Lewis, Babcock, Gregory & Pleicones, by A. Camden Lewis and Daryl G. Hawkins and Hamel, Hamel & Pearce, P.A., by Hugo A. Pearce, III and Reginald S. Hamel, for plaintiff appellant.*

*Jones, Hewson & Woolard, by Harry C. Hewson and Hunter M. Jones, for defendant appellee.*

WEBB, Judge.

This appeal brings to the Court a question as to uninsured and underinsured motorist coverage in a motor vehicle liability policy. G.S. 20-279.21 which provides for the issuance of motor vehicle liability policies requires that liability policies issued in this state have uninsured and underinsured motorist coverage unless the policyholder rejects them. If underinsured coverage is accepted by the policyholder G.S. 20-279.21(b)(4) provides in part:

> The insurer shall not be obligated to make any payment because of bodily injury to which underinsured motorist insurance coverage applies and that arises out of the ownership, maintenance, or use of an underinsured highway vehicle until after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, and provided the limit of payment is only the difference between the limits of the liability insurance that is applicable and the limits of the underinsured motorist coverage as specified in the owner's policy.

The insurance policy in this case has underinsured motorists coverage. Among other things the policy provides as to underinsured motorist coverage:

> Any amounts payable under this coverage shall be reduced by all sums:
>
> 1. Paid because of bodily injury or property damage by or on behalf of persons or organizations who may be legally responsible.

The unambiguous terms of the plaintiff's underinsured motorist coverage provide that any amount payable by the defendant will be reduced by all sums paid because of bodily injury by those

legally responsible. The $25,000.00 limit on the plaintiff's underinsured motorist coverage is therefore reduced by the $25,000.00 the plaintiff received in settlement from Perry, leaving nothing due to plaintiff from defendant.

If the terms of the policy were ambiguous, we would reach the same result under G.S. 20-279.21(b)(4) which under our law is a part of this policy. *Ohio Casualty Ins. Co. v. Anderson*, 59 N.C. App. 621, 298 S.E. 2d 56 (1982), *cert. denied*, 307 N.C. 698, 301 S.E. 2d 101 (1983). This section of the statute provides that the limit of payment for underinsured motorist coverage is "only the difference between the liability insurance that is applicable [the $25,000.00 limit on the tortfeasor's liability coverage] and the limits of the underinsured motorist coverage as specified in the owner's policy [the $25,000.00 limit on the underinsured motorist coverage in the plaintiff's policy with the defendant]." In this case the difference between these limits is zero.

When the plaintiff purchased the underinsured motorist coverage an endorsement was added to the policy which defined an "uninsured motor vehicle" as follows:

> To which, with respect to bodily injury only, the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is:
>
> a. equal to or greater than the minimum limit specified by the financial responsibility law of North Carolina; and
>
> b. less than the limit of liability for this coverage.

The appellant argues that the first requirement of this endorsement is met because the tortfeasor had the minimum limit specified by our law. He argues that the phrase "less than the limit of liability for this coverage" found in requirement "b" refers to the plaintiff's liability coverage for claims against him. He has liability coverage of $100,000.00 for each person and he contends his underinsured motorist coverage should be the difference between $25,000.00 and $100,000.00. If we should interpret the words "liability for this coverage" to mean the plaintiff's own liability coverage we are still faced with the plain words of the policy and the statute which limit the plaintiff's coverage to the difference

between his underinsured coverage and what he collects from the tortfeasor. We believe the proper interpretation of words "liability for this coverage" is that they refer to the underinsured coverage the plaintiff received from the endorsement.

The plaintiff argues that under the terms of the policy without the endorsement for underinsured motorist coverage he could collect on his uninsured motorist coverage for any loss from any tortfeasor who has no coverage or less coverage than the minimum required. He contends that there are no circumstances under which he can collect on his underinsured coverage and he has paid his premium for this coverage in exchange for nothing. It appears that the plaintiff is correct in this argument but it does not justify our rewriting the policy.

Affirmed.

Judge BECTON concurs in the result.

Judge COZORT dissents.

Judge BECTON concurring in the result.

I am deeply troubled that, on the facts of this case, plaintiff has paid a premium for no coverage. And I concur in the result solely because, in my view, this Court has no authority to rewrite the policy.

Judge COZORT dissenting.

I dissent from the majority's opinion affirming summary judgment for the defendant. I do not disagree with the majority's interpretation of its quoted provisions of the policy and the statutes. However, to reach its decision, the majority assumes that the limits of the underinsured motorist coverage in the policy are $25,000 per person and $50,000 per accident. Those limitations are not specifically stated in that fashion in the policy. The limitation of liability for the underinsured motorist coverage is different from the limitation on the other kinds of coverage. For example, for bodily injury liability coverage, the stated limits are: "$100,000 EACH PERSON, $300,000 EACH ACCIDENT." Similarly, the *uninsured* motorist bodily injury coverage is limited to "$25,000

EACH PERSON, $50,000 EACH ACCIDENT." For *underinsured* motorist coverage, however, the phrases "EACH PERSON" and "EACH ACCIDENT" are not used. Instead, the limit of liability is stated merely as "$25,000-$50,000."

I find the language setting forth the limitation on underinsured motorist coverage to be ambiguous. It is a fundamental principle of legal analysis that "insurance policies should be given a reasonable construction in accordance with their terms and should be interpreted to provide coverage when rationally possible to do so, rather than to defeat it. Ambiguities in language are resolved in favor of the insured, and exceptions to liability are not favored." *Great American Insurance Co. v. C. G. Tate Construction Co.*, 46 N.C. App. 427, 433, 265 S.E. 2d 467, 471 (1980).

With those principles in mind, I would construe the policy as follows: For the first $25,000 in damages to the plaintiff, he would be covered by his *uninsured* motorist coverage, if the tortfeasor had no liability insurance or less than the statutory minimum of $25,000. For the next $25,000 in damages to the plaintiff ("$25,000-$50,000"), plaintiff would be covered by his *underinsured* motorist coverage, if the tortfeasor had no liability insurance beyond the $25,000 statutory minimum, or less than $50,000 liability coverage. In other words, the uninsured motorist coverage protects plaintiff up to $25,000 in damages, and the underinsured motorist coverage protects him when his damages are from "$25,000-$50,000."

To hold otherwise means the plaintiff would never have any coverage for the itemized premiums paid for his underinsurance coverage, a result which was surely never intended by the General Assembly in its enactment of G.S. 20-279.21. I would reverse the trial court.