ROY TIMOTHY HOOTS, AS FATHER AND GUARDIAN AD LITEM OF JOSHUA TIMOTHY HOOTS, A MINOR, AND ROBERT WHITAKER, PERSONALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF ROBERT TIMOTHY WHITAKER, AND FREDERICK L. McINTYRE, JR. AS THE ADMINISTRATOR OF THE ESTATE OF JULIA ANN WHITAKER, DECEASED, PLAINTIFFS v. TOMS AND BAZZLE, P.A., A CORPORATION, AND JAMES TOMS, DEFENDANTS

ROY TIMOTHY HOOTS, AS FATHER AND GUARDIAN AD LITEM OF JOSHUA TIMOTHY HOOTS, A MINOR, AND ROBERT WHITAKER, PERSONALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF ROBERT TIMOTHY WHITAKER, AND FREDERICK L. McINTYRE, JR. AS THE ADMINISTRATOR OF THE ESTATE OF JULIA ANN WHITAKER, DECEASED, PLAINTIFFS v. JAMES WILKINS, JAMES TOMS, EDWIN HICKS, ROGER WARD, AND MOUNTAIN SCENIC AERO, INC., A CORPORATION, DEFENDANTS

No. 8829SC1370

(Filed 16 October 1990)

1. **Rules of Civil Procedure § 42 (NCI3d) — severance of claims for trial**

The trial court did not err in severing plaintiffs' claim against defendant pilot for negligence in piloting an airplane that crashed from claims concerning another defendant's negligent maintenance of the plane, an earlier induction system fire allegedly caused by the plane's last prior user, and the personal liability of three individual defendants because of

their involvement with the nonprofit corporation that owned the plane. N.C.G.S. § 1A-1, Rule 42(b).

**Am Jur 2d, Parties § 205.**

2. **Aviation and Airports § 23 (NCI4th) — airplane crash — negligence in piloting — absence of stall warning horn — irrelevancy**

   Evidence that an airplane's stall warning horn was not working at the time the plane crashed was irrelevant to plaintiffs' claim against the pilot based on alleged negligence in handling the plane after the engine suddenly failed where plaintiffs did not allege that the pilot was negligent in either inspecting or maintaining the plane.

**Am Jur 2d, Aviation §§ 88, 90.**

3. **Aviation and Airports § 21 (NCI4th) — airplane crash — instruction on sudden emergency**

   The trial court properly instructed on sudden emergency in an action against the pilot of an airplane that crashed where the evidence tended to show that the pilot was confronted with a sudden emergency when the airplane's only engine failed without warning while the plane was taking off.

**Am Jur 2d, Aviation § 108.**

4. **Aviation and Airports § 22 (NCI4th) — airplane crash — negligence in causing induction system fire — negligent maintenance — summary judgment**

   Summary judgment was properly entered for two defendants on plaintiffs' claim for negligence in causing a prior induction system fire that allegedly led to a fatal airplane crash where the forecast of evidence established that plaintiffs cannot show that either defendant caused or knew about the induction system fire. However, summary judgment was improperly entered in favor of a third defendant where plaintiffs' forecast of evidence tended to show that such defendant was the last user of the plane before the fatal flight, that the induction system fire occurred at that time, and that this defendant could have known about the fire.

**Am Jur 2d, Aviation §§ 92, 134.**

5. **Aviation and Airports § 22 (NCI4th) — negligent maintenance of airplane — sufficient forecast of evidence**

The trial court erred in dismissing a claim against one defendant for negligently maintaining an airplane that crashed where plaintiffs' forecast of evidence tended to show that the crash was caused by damaged carburetor floats which blocked the flow of gasoline while the plane was ascending; this defendant was responsible for maintaining the plane; and defendant knew that the plane's stall warning horn did not work but failed to repair the horn, warn the pilot, or redline the plane.

**Am Jur 2d, Aviation §§ 92, 134.**

6. **Corporations § 1.1 (NCI3d) — noncompliance with corporate formalities — corporate entity not disregarded**

Evidence of noncompliance with corporate formalities is insufficient to require the trial court to disregard the corporate entity and treat the corporation as the alter ego of its officers or stockholders.

**Am Jur 2d, Corporations §§ 45, 50, 238, 249.**

APPEAL by plaintiffs from orders entered 11 July 1988, *nunc pro tunc* 30 June 1988, and judgment entered 20 July 1988 by *Judge Robert D. Lewis* in HENDERSON County Superior Court. Heard in the Court of Appeals 22 August 1989.

These actions for personal injury and wrongful death are based upon the crash of a single engine aircraft shortly after takeoff from the Hendersonville, North Carolina airport. Defendant Roger Ward, the pilot, and plaintiff Joshua Timothy Hoots, a passenger, survived the accident; passengers Julia Ann Whitaker and her son, Robert Timothy Whitaker, were killed.

Plaintiffs alleged, in substance, that defendant Mountain Scenic Aero, Inc. (MSA, Inc.), a nonprofit corporation, owned the plane; that defendants Ward, Toms, Wilkins and Hicks were partners or joint venturers in the corporate ownership and operation of the plane; that the engine failed because the last user of the plane, either Wilkins, Hicks or Toms, undertook to start the engine with the fuel selector valve in the "off position," thereby causing an induction system fire which deformed the carburetor floats and caused them to block the flow of gasoline when the plane was ascending; that after the engine failed defendant Ward negligently

attempted to turn the aircraft back on the runway, rather than glide to and land on one of the open fields near the airport; that defendant Wilkins had negligently maintained the aircraft and had negligently instructed Ward, the pilot, in flight and crash procedures; that defendant Toms, attorney for and joint owner of MSA, Inc., had negligently failed to obtain liability insurance on the aircraft; and that the corporate defendant is liable for the negligence of the individual defendants in maintaining, servicing, and operating the aircraft. In a separate action against Toms & Bazzle, P.A., a professional corporation, and Toms individually as president and sole stockholder of Toms & Bazzle, P.A., plaintiffs alleged that: Toms, acting as president of Toms & Bazzle, P.A., intentionally appropriated the aircraft for his own and the law association's use; an employee of Toms & Bazzle, P.A., or some third party to whom the aircraft had been entrusted, negligently caused the induction system fire; Toms and Toms & Bazzle, P.A. breached their duty to maintain liability insurance on the aircraft; and Wilkins was their agent in negligently maintaining the plane.

After all these allegations were denied by the respective defendants, defendants MSA, Inc., Wilkins, Hicks and Ward cross-claimed against defendant Toms for his failure to maintain liability insurance on the aircraft, and defendant Ward cross-claimed against defendant Wilkins for failing to inform him that the aircraft stall warning horn was not working. After discovery, plaintiffs' allegation that the individual defendants were partners in the ownership and operation of the plane was abandoned.

During the pre-trial period various motions were made by the parties and following hearings thereon the court made the following adjudications: By an order of partial summary judgment it *dismissed* plaintiffs' claim against Wilkins, Toms and Hicks for causing the induction system fire by negligently undertaking to start the aircraft with the fuel selector valve in the off position and failing to warn Ward about it, and the claims against Wilkins for negligently maintaining the aircraft and for failing to teach defendant Ward to maintain flying speed in the event of engine failure; it *denied* plaintiffs' motion to set aside the corporate entity of MSA, Inc. and rule that defendants Hicks, Wilkins and Toms were individually responsible for the negligence of defendant Ward; it *severed* the claims against defendants Wilkins, Hicks and Toms from the case against defendant Ward and *directed* that the claim against defendant Ward for negligently operating the plane be

tried first; it *provided* that if Ward's negligence was established it would determine whether the other individual defendants were liable therefor because of their participation in the nonprofit corporation; it *severed* the claim against Toms for failing to maintain liability insurance on the aircraft and provided that his liability would be subsequently determined if Ward's negligence was established; and it *granted* summary judgment for defendants Toms & Bazzle, P.A. and Toms individually in the separate action. After making these adjudications the court declined to rule on plaintiffs' motion to sanction defendant Wilkins for allegedly altering some of the physical evidence.

In the trial of the claim against defendant Ward the court, over plaintiffs' objection, refused to receive evidence that the stall warning horn was not working and charged the jury on the sudden emergency doctrine. The trial ended with the jury answering the issue as to Ward's negligence "No," and the court entering judgment dismissing Ward from the case.

*Smiley & Mineo, by Robert R. Smiley III, Charleston, S. C., and Robert A. Mineo, Raleigh, N. C., for plaintiff appellants.*

*Stepp, Groce, Cosgrove & Miller, by W. Harley Stepp, Jr. and Edwin R. Groce, for defendant appellees James H. Toms and Toms & Bazzle, P.A.*

*Prince, Youngblood, Massagee & Jackson, by Boyd B. Massagee, Jr. and Sharon B. Ellis, for defendant appellees James Wilkins and Edwin Hicks.*

*James, McElroy & Diehl, P.A., by Gary S. Hemric and Mark T. Calloway, for defendant appellee Roger Ward.*

PHILLIPS, Judge.

Plaintiffs argue that seven of the foregoing actions by the trial court were erroneous. Though not argued in that order, we consider first the actions complained of that relate to the trial as it was conducted—severing and trying first the claim against defendant Ward for negligence in piloting the airplane; refusing to receive evidence that the plane's stall warning horn was not functioning; and instructing the jury on the sudden emergency doctrine. Neither of these actions was reversible error in our opinion and plaintiffs' arguments in regard to them are overruled for the reasons hereafter stated.

HOOTS v. TOMS AND BAZZLE

[100 N.C. App. 412 (1990)]

I.

[1]   Since Rule 42(b), N.C. Rules of Civil Procedure, authorizes a trial judge to order a separate trial of any claim or issue "in furtherance of convenience or to avoid prejudice," the severance of the claim against Ward was within the court's discretion, *Aetna Insurance Company v. Carroll's Transfer, Inc.*, 14 N.C. App. 481, 188 S.E.2d 612 (1972), and was not error since sound grounds therefor existed. *White v. White*, 312 N.C. 770, 324 S.E.2d 829 (1985). The claim against Ward arose from circumstances totally different from those that gave rise to the other claims involved and trying the pilot error issue separately was a comparatively simple process that had the advantage of possibly making it unnecessary to try the other issues. *In re Will of Hester*, 320 N.C. 738, 360 S.E.2d 801, *reh'g denied*, 321 N.C. 300, 362 S.E.2d 780 (1987). On the other hand trying the issue of Ward's negligence in piloting the airplane with issues concerning Wilkins' maintenance of the plane, an earlier induction system fire allegedly caused by the plane's last user, and the personal liability of defendants Wilkins, Hicks and Toms because of their involvement with the nonprofit corporation that owned the plane would have been a cumbersome, complicated, and possibly confusing process that could have easily prejudiced one or more of the parties.

[2]   The evidence concerning the stall warning horn not working and Wilkins' failure to warn Ward about it was properly rejected because it was irrelevant to the only issue being tried—defendant Ward's negligence in handling the airplane after the engine suddenly failed. Plaintiffs' argument that the evidence should have been received since defendant Ward had alleged in his cross-claim against defendant Wilkins that Wilkins knew the stall warning horn did not work and did not inform him about it cannot be accepted. Plaintiffs had not charged defendant Ward with any duty or fault in maintaining or inspecting the airplane; they alleged only that he did not pilot the airplane properly after the engine failed; and they stipulated in the pre-trial order that "his routine preflight inspection of the aircraft . . . gave no indication of any problem with the airplane or engine." Thus, when proffered the evidence was clearly irrelevant to the claim against Ward, and plaintiffs made no effort to make it relevant by moving for permission to allege that Ward was negligent either in inspecting or maintaining the airplane.

[3] And since the evidence tended to show that a sudden emergency arose when the aircraft's only engine failed without warning while taking off, the instruction on that doctrine was not error. *Schloss v. Hallman*, 255 N.C. 686, 122 S.E.2d 513 (1961).

## II.

The other four court rulings that plaintiffs challenge are the dismissal of their claim against defendants Wilkins, Hicks, Toms, and Toms & Bazzle, P.A. for negligently causing the induction system fire; the dismissal of their claim against Wilkins for negligently maintaining the plane; the denial of their motion to set aside the corporate status of Mountain Scenic Aero, Inc.; and refusing to sanction defendant Wilkins for altering the physical evidence upon which plaintiffs' case depended. Plaintiffs also assigned as error the dismissal of the claim against defendants Toms and Toms & Bazzle, P.A. in the separate action for failing to maintain liability insurance on the plane but since that point is not argued in their brief it is deemed to have been abandoned. Rule 28(b)(5), N.C. Rules of Appellate Procedure.

First, as to the dismissal by summary judgment of plaintiffs' claim against defendants Wilkins, Hicks and Toms, individually and collectively, for negligently causing the induction system fire that allegedly led to the fatal crash: In supporting their motions for summary judgment these defendants did not contest the soundness of plaintiffs' theory on this claim — that the last user of the plane by trying to start the engine with the fuel selector valve in the off position caused an induction system fire that damaged the carburetor floats and caused them to block the flow of gasoline when the aircraft was heading upward. All that they sought to establish, by affidavits submitted by each defendant, was that plaintiffs cannot prove that either of them knew about or was responsible for the induction system fire. Each affidavit was to the effect that the affiant had no knowledge of any fire having occurred in any part of the plane before the accident occurred. Plaintiffs opposed this showing with affidavits by Tedd L. Bishop, a retired military pilot who served as plaintiffs' accident investigator, and Hugh A. Clark, II, who had flown in the aircraft less than two weeks prior to the crash. Based upon his inspection of the wreckage and photographs of the engine, Bishop opined that the engine failure came about as a "result of damage to the carburetor floats most probably caused, in turn, by an induction system fire which oc-

**HOOTS v. TOMS AND BAZZLE**

[100 N.C. App. 412 (1990)]

curred during a prior unsuccessful starting attempt by another pilot." Clark stated that he flew with defendant Wilkins and Irvin Bazzle, the other attorney in Toms & Bazzle, P.A., on 4 June 1985 and that the aircraft was taxied directly back to the hangar rather than to the fuel pumps, as was usually done prior to hangaring. Other materials of record indicate that Wilkins refueled the airplane at the fuel pumps later that day and that the plane was not used again before the fatal flight.

[4, 5] Since the sworn statements of defendants Hicks and Toms that they did not know anything about any fire in the plane's induction system before the accident are not contradicted by plaintiffs' materials, they establish for the purposes of this litigation that plaintiffs cannot show that either of them caused or knew about the induction system fire, and summary judgment in their favor on this claim was proper. But plaintiffs' materials do contradict defendant Wilkins' affidavit by indicating that he was the last user of the airplane before Ward's flight, the induction system fire occurred at that time, and he could know about it. Thus, he has not established, as a matter of law, that he was not the last user of the airplane and does not know anything about the induction system fire; an issue of fact exists as to that and summary judgment in his favor on this claim was error. The court also erred in dismissing the claim against Wilkins for negligently maintaining the airplane, for the materials before the court indicate that he knew the stall warning horn did not work and as the one responsible for maintaining the plane neither repaired the horn, warned Ward about it nor redlined the plane. Both dismissals are reversed.

[6] Plaintiffs' motion for partial summary judgment to set aside the corporate entity of defendant Mountain Scenic Aero, Inc. was denied primarily upon the ground that the issue of piercing the corporate veil of MSA, Inc. was not raised by the complaint. Though the soundness of that ground is questioned by plaintiffs, we need not determine it because the materials of record do not establish that plaintiffs, as movants, are entitled to summary judgment on that issue as a matter of law. For of the several factors stated in *Glenn v. Wagner*, 313 N.C. 450, 329 S.E.2d 326 (1985), that can justify a court piercing the corporate veil and treating a corporation as the alter ego of its officers or stockholders only one — not complying with corporate formalities — is established without contradiction by the materials recorded, and that is not enough to warrant the relief sought. *Dorton v. Dorton*, 77 N.C. App. 667, 336 S.E.2d 415

(1985). *See also Park Terrace, Inc. v. Phoenix Indemnity Co.*, 243 N.C. 595, 91 S.E.2d 584 (1956).

As to the court's failure to sanction defendant Wilkins for altering physical evidence the record indicates that the court did not rule on plaintiffs' motion because it was thought that the dismissal of the claims against him involving the airplane made the motion moot. If the motion was ever moot it is no longer and upon the return of the claims against defendant Wilkins to the trial court the motion should be ruled upon.

Affirmed in part; reversed in part.

Judges WELLS and PARKER concur.