CAROLYN SELLERS, PLAINTIFF v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, DEFENDANT

No. 9124SC1105

(Filed 19 January 1993)

**Insurance § 1109 (NCI4th) — release of tortfeasor — right of carrier to remain unnamed defendant**

A release or settlement of an action against a tortfeasor does not vitiate the express statutory terms of N.C.G.S. § 20-279.21(b)(4) so that the action can continue with the UIM insurance carrier remaining as the unnamed defendant, and the trial court erred in substituting the unnamed defendant-UIM carrier for the named defendant in the action.

**Am Jur 2d, Automobile Insurance §§ 453, 454.**

Appeal by defendant from order signed 8 August 1991 by Judge Claude S. Sitton in Madison County Superior Court. Heard in the Court of Appeals 20 October 1992.

SELLERS v. N.C. FARM BUREAU MUT. INS. CO.

[108 N.C. App. 697 (1993)]

*Ball, Kelley & Barden, P.A., by Ervin L. Ball, Jr., for plaintiff-appellee.*

*Willardson & Lipscomb, by William F. Lipscomb, for defendant-appellant.*

LEWIS, Judge.

Plaintiff was injured in a car accident on 4 June 1988. She filed a complaint against defendant Betty Morefield Morgan on 23 April 1991, alleging that Morgan's negligence caused the collision. On 19 June 1991, plaintiff filed an amended complaint, in which she added a second claim for relief for underinsured motorist coverage ("UIM").

Plaintiff's vehicle was insured under an automobile liability insurance policy issued by the defendant in the present action, North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau"). Under the policy, plaintiff had UIM coverage in the amount of $150,000.00. Plaintiff's amended complaint further alleged that defendant Morgan was the owner and operator of an underinsured vehicle within the meaning of N.C.G.S. § 20-279.21, and that her own injuries exceeded the liability limits of Morgan's policy.

On 2 July 1991, plaintiff admitted, in response to defendant Morgan's request for admissions, that she settled and released her claim against Morgan when Morgan's insurance carrier paid her the sum of $50,000.00. Pursuant to N.C.G.S. § 20-279.21 (1989), Farm Bureau on 5 July 1991, filed its "Motions and Answer of North Carolina Farm Bureau (Unnamed Defendant)." On 8 July 1991, defendant Morgan filed her Answer and motions for summary judgment and for judgment on the pleadings. The Superior Court granted Morgan's motion for summary judgment on 1 August 1991, and dismissed the action as to Morgan. On 8 August 1991, the Superior Court signed an order which substituted the unnamed defendant, Farm Bureau, for the named defendant in the action. Farm Bureau appeals from this order.

The defendant assigns error to the court's having substituted it as a named defendant in the action. Defendant relies on N.C.G.S. § 20-279.21(b)(4), which states in pertinent part:

A party injured by the operation of an underinsured highway vehicle who institutes a suit for the recovery of moneys for those injuries and in such an amount that, if recovered,

would support a claim under underinsured motorist coverage shall give notice of the initiation of the suit to the underinsured motorist insurer as well as to the insurer providing primary liability coverage upon the underinsured highway vehicle. *Upon receipt of notice, the underinsured motorist insurer shall have the right to appear in defense of the claim without being named as a party therein, and without being named as a party may participate in the suit as fully as if it were a party.*

N.C.G.S. § 20-279.21(b)(4) (Cum. Supp. 1992) (emphasis added).

We find no cases that interpret the above-quoted statutory provision. There are, however, cases which demonstrate its applicability. For instance, in *Manning v. Tripp,* 104 N.C. App. 601, 410 S.E.2d 401 (1991), *aff'd,* 332 N.C. 341, 420 S.E.2d 123 (1992), the liability carrier paid out the limits of the defendant tortfeasor's liability insurance coverage to plaintiff. The plaintiff's husband's claim was dismissed, and the action was converted into a declaratory action whereby the plaintiff sought a determination of her rights to UIM benefits from the unnamed defendant, the UIM carrier. The case went forward, without a substitution of the company as a named defendant. In *Beaver v. Hampton,* 106 N.C. App. 172, 416 S.E.2d 8, *review allowed* (Nov. 18, 1992), the defendant's liability carrier withdrew from the case after it tendered its policy limits. On appeal, the UIM carrier for the plaintiffs remained unnamed as defendant-appellee.

The statutory language is, to us, clear and unambiguous. The underinsured motorist insurer, upon receipt of notice of the initiation of an action, "*shall* have the right to appear in defense of the claim *without being named as a party therein, and without being named as a party may participate* in the suit as fully as if it were a party." N.C.G.S. § 20-279.21(b)(4) (emphasis added). This language and the cases which demonstrate its application convince us that even if the tortfeasor is released from the action, the case can continue, if requested, in the tortfeasor's name only.

A jury would more likely concentrate on the facts and the law as instructed, rather than the parties, if this interpretation is followed.

We hold that a release or settlement of an action against the tortfeasor does not vitiate the express statutory terms of N.C.G.S.

RICHMOND CO. v. N.C. LOW-LEVEL RADIOACTIVE WASTE MGMT. AUTH.

[108 N.C. App. 700 (1993)]

§ 20-279.21(b)(4) such that the action can continue with the insurance carrier remaining as an unnamed defendant.

Reversed and remanded.

Judges JOHNSON and COZORT concur.