DELLA D. BAXLEY, Plaintiff v. NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant

No. 9416SC110

(Filed 2 August 1994)

**Insurance § 690 (NCI4th)— UIM coverage—limit of liability met by defendant—plaintiff not entitled to prejudgment interest**

Where defendant UIM carrier's limit of liability was $75,000, representing the difference between the limit of liability listed in

the declarations, $100,000, and the amount paid by the tort-feasor's liability carrier, $25,000, and defendant paid plaintiff $65,000, and later $10,000, defendant compensated plaintiff for her damages up to the limit of its liability, and defendant could not be required to pay any more as prejudgment interest, which the North Carolina Supreme Court held was included within the term "damages" in defendant's policy.

**Am Jur 2d, Automobile Insurance § 322.**

**Uninsured and underinsured motorist coverage: recoverability, under uninsured or underinsured motorist coverage, of deficiencies in compensation afforded injured party by tortfeasor's liability coverage. 24 ALR4th 13.**

Appeal by defendant from judgment entered 29 November 1993 by Judge D. Jack Hooks, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 6 June 1994.

*Baker and Jones, P.A., by H. Mitchell Baker, III, for plaintiff-appellee.*

*Ragsdale, Liggett & Foley, by Peter M. Foley, for defendant-appellant.*

EAGLES, Judge.

This case returns to this Court after remand to the trial court by our Supreme Court. *See Baxley v. Nationwide Mutual Ins. Co.*, 334 N.C. 1, 430 S.E.2d 895 (1993).

Briefly summarized, the facts are as follows:

Plaintiff, having underinsured motorist coverage (UIM) in the amount of $100,000 per person and medical payments coverage in the amount of $10,000 through defendant, Nationwide Mutual Insurance Company (Nationwide), obtained a judgment awarding her compensatory damages in the amount of $100,000 in a negligence action against the driver of a vehicle which hit a vehicle in which plaintiff was a passenger. Nationwide deposited the sum of $25,000, representing the limits of the tortfeasor's automobile liability insurance carrier, with the clerk of superior court, and paid plaintiff the additional sum of $65,000 under the UIM coverage of Nationwide's policy. Nationwide also paid plaintiff the sum of $10,000 under the medical payments coverage of its policy. Nationwide subsequently received

$25,000 from the tortfeasor's liability insurance carrier. Plaintiff filed a declaratory judgment action seeking to determine: (1) whether Nationwide was entitled to a credit of $10,000 against the UIM coverage for the $10,000 it paid under the medical payments coverage; and (2) whether Nationwide was liable for court costs, including prejudgment interest, in the original action. Our Supreme Court ultimately held (1) that Nationwide was not entitled to a credit for the payments it made under the medical payments coverage, *Id.* at 14, 430 S.E.2d at 903 and (2) that Nationwide was liable for payment of prejudgment interest "up to, but not in excess of, its UIM policy limits." *Id.* at 11, 430 S.E.2d at 901.

Following the Supreme Court's decision, Nationwide paid an additional $10,000, representing the amount for which it had claimed a credit, to plaintiff on 3 September 1993. Nationwide refused to pay any prejudgment interest on the ground the $10,000 payment exhausted its UIM limits. Plaintiff then filed a motion on 30 September 1993 seeking an order directing Nationwide to pay prejudgment interest in the amount of $11,633.97. The trial court granted plaintiff's motion and entered judgment requiring Nationwide to pay the foregoing sum as prejudgment interest. From this judgment Nationwide now appeals.

Nationwide contends that it is not liable for prejudgment interest because it has exhausted the limits of its liability under the UIM coverage of its policy. Plaintiff, on the other hand, contends that Nationwide has not exhausted the limit of its liability because Nationwide received $25,000 from the tortfeasor's liability carrier, and consequently has actually paid only $75,000 of its $100,000 limit under the policy. Resolution of this appeal is therefore dependent upon a determination of the limits of Nationwide's liability.

In examining the policy at hand, we find an UIM endorsement which limits Nationwide's liability as follows:

The most we will pay under this coverage is  the lesser of the amount by which the:

  a. limit of liability for this coverage; or

  b. damages sustained by the covered person for bodily injury;

exceeds the amount paid under all bodily injury liability bonds and insurance policies applicable to the **covered person's** bodily injury.

In addition, when a statute applies to the terms of an insurance policy, the provisions of the statute become terms of the policy to the same extent as if they were written in the policy, and if the terms of the policy conflict with the statute, the provisions of the statute control. *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989). The applicable statute in this case is N.C. Gen. Stat. § 20-279.21(b)(4), which provides:

> [T]he limit of underinsured motorist coverage applicable to any claim is determined to be **the difference between the amount paid to the claimant under the exhausted liability policy or policies and the limit of underinsured motorist coverage applicable to the motor vehicle involved in the accident.** (Emphasis added).

It is therefore clear from the foregoing that Nationwide's limit of liability is the amount by which the limit of UIM coverage listed in the declarations exceeds the amount paid to Nationwide's insured by the tortfeasor's liability carrier. See *Davidson v. U.S. Fidelity & Guar. Co.*, 78 N.C. App. 140, 336 S.E.2d 709 (1985). Thus, in this case Nationwide's limit of liability is $75,000, representing the difference between the limit of liability listed in the declarations, $100,000 and the amount paid by Allstate, the tortfeasor's liability carrier, $25,000. By paying $65,000 and later paying $10,000 on 3 September 1993, Nationwide paid the full limit of its liability. Having compensated plaintiff for her damages up to the limit of its liability, Nationwide cannot be required to pay any more as prejudgment interest, which our Supreme Court held is included within the term "damages" in Nationwide's policy. *Baxley v. Nationwide Mutual Ins. Co.*, 334 N.C. 1, 11, 430 S.E.2d 894, 901. Indeed, the Supreme Court recognized that Nationwide would meet its liability by making the $10,000 payment by stating with reference to the credit issue: "If it is entitled to a credit on the UIM payments for this $10,000 payment, Nationwide will be deemed to have paid $100,000 under its UIM coverage. If it is not entitled to a credit, then $10,000 of UIM coverage remains." *Id.* at 12, 430 S.E.2d at 902.

For the foregoing reasons, we reverse the judgment of the court below and remand for the entry of a judgment consistent with this opinion.

Reversed and remanded.

Judges ORR and LEWIS concur.