KEVIN E. BRADDY, Plaintiff-Appellant, v. NATIONWIDE MUTUAL LIABILITY INSUR-
ANCE COMPANY, Defendant-Appellee.

No. COA95-910

(Filed 21 May 1996)

**1. Trial § 120 (NCI4th)— UIM coverage—bad faith refusal to
settle—severance from personal injury claim—no error**

In an action to recover for personal injuries sustained in a
motor vehicle accident, the trial court did not err in severing for
trial plaintiff's claims for UIM coverage and bad faith refusal to
settle and punitive damages, since the trial court, in severing
those claims, clearly reduced the delay, expense and inconve-
nience to all participants; further, the resolution of the UIM claim
obviated the need for a trial on the bad faith refusal to settle
claim. N.C.G.S. § 1A-1, Rule 42(b).

**Am Jur 2d, Trial §§ 120-125.**

**Propriety of separate trials of issues of tort liability
and of validity and effect of release. 4 ALR3d 456.**

**Appealability of state court order granting or denying
consolidation, severance, or separate trials. 77 ALR3d
1082.**

**2. Insurance § 527 (NCI4th)— UIM coverage—personal injury
rather than contract action**

The trial court did not err in ordering that plaintiff's claim for
UIM coverage be tried as a personal injury action rather than a
contract action since, despite the contractual relation between
plaintiff insured and defendant UIM insurer, this action was actu-
ally one for the tort allegedly committed by the underinsured
motorist.

**Am Jur 2d, Automobile Insurance § 334.**

**Rights and liabilities under "uninsured motorists" cov-
erage. 79 ALR2d 1252.**

**Insured's right to bring direct action against insurer for
uninsured motorist benefits. 73 ALR3d 632.**

BRADDY v. NATIONWIDE MUTUAL LIABILITY INS. CO.

[122 N.C. App. 402 (1996)]

**3. Insurance § 1109 (NCI4th)— UIM carrier as unnamed defendant—no error**

The trial court did not err by allowing defendant UIM carrier to remain an unnamed defendant pursuant to N.C.G.S. § 20-279.21(b)(4) after plaintiff voluntarily dismissed the tortfeasor as a party defendant prior to trial. The UIM carrier did not waive its rights under § 20-279.21(b)(4) by including a provision in its policy stating that "liability will be determined only in a legal action against" the carrier.

**Am Jur 2d, Automobile Insurance § 334.**

**Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.**

**4. Evidence and Witnesses § 1012 (NCI4th)— insurer's admissions as to value of plaintiff's claims—evidence inadmissible**

Assuming *arguendo* that claim estimates by the unnamed defendant UIM carrier constituted admissions by a party opponent, the trial court properly excluded these estimates as evidence of the value of plaintiff's injuries under N.C.R. Evid. 403 since such evidence would prejudice the defense and could circumvent the policy behind N.C.G.S. § 8C-1, Rule 411 and N.C.G.S. § 20-279.21(b)(4) to have the jury focus on the facts and not the existence of liability insurance.

**Am Jur 2d, Evidence § 760.**

**5. Evidence and Witnesses § 2148 (NCI4th)— personal injury—expert testimony as to value of claim—exclusion proper**

The trial court did not err in excluding expert testimony regarding the value of plaintiff's personal injury claim.

**Am Jur 2d, Expert and Opinion Evidence §§ 32-39, 41-43.**

**When will expert testimony "assist trier of fact" so as to be admissible at federal trial under Rule 702 of Federal Rules of Evidence. 75 ALR Fed. 461.**

Judge GREENE concurring.

**BRADDY v. NATIONWIDE MUTUAL LIABILITY INS. CO.**

[122 N.C. App. 402 (1996)]

Appeal by plaintiff from judgment entered 27 January 1995 by Judge Donald W. Stephens in Orange County Superior Court. Heard in the Court of Appeals 29 March 1996.

*Brown & Bunch, by Charles Gordon Brown and Scott D. Zimmerman, for plaintiff-appellant.*

*Bryant, Patterson, Covington & Idol, P.A., by Lee A. Patterson, II, and W. Randall Stroud, for defendant-appellee.*

MARTIN, Mark D., Judge.

Plaintiff Kevin E. Braddy (Braddy) appeals from judgment entered on jury verdict awarding Braddy $70,000 in damages.

On 8 June 1990 Braddy, while riding his motorcycle, collided with a pickup truck operated by Thomas Brooks at the intersection of N.C. 157 and State Road 1184 in Orange County. Brooks was issued an unsafe movement citation for his actions leading up to the accident and fined $50. On 16 June 1990 Brooks paid the $50 fine without contesting the citation and, thereby, admitted he was guilty of an unsafe movement.

Brooks was covered under an insurance policy (Brooks policy) issued by Nationwide Mutual Liability Insurance Company (Nationwide) which had a $50,000 limit for bodily injury. Braddy had underinsured motorist (UIM) coverage under three separate policies (UIM policies) also issued by Nationwide. It is undisputed the UIM policies could be stacked to provide $600,000 in UIM coverage. On 24 February 1993 Braddy, Brooks and Nationwide executed a Partial Settlement Agreement (Agreement) under which Brooks and Nationwide agreed to compensate Braddy for his injuries and damages up to the $50,000 limit of the Brooks policy. Braddy also expressly reserved the right "to bring any actions necessary against Brooks [and] Nationwide . . . to recover any unsatisfied portion of Braddy's Claim . . . ."

On 4 June 1993 Braddy, alleging the $50,000 had not fully compensated him for his injuries, instituted the present action. On 23 January 1995 Braddy voluntarily dismissed Brooks without prejudice as a party defendant to the action leaving only Braddy's claims for UIM coverage (Count IV) and bad faith refusal to settle and punitive damages (Count V) against Nationwide. On the same day, the trial court severed Counts IV and V; and, pursuant to N.C. Gen. Stat. § 20-279.21(b)(4), ordered Nationwide remain an unnamed defendant.

After hearing all the evidence, the jury returned the following verdict:

1. Was the plaintiff injured by the negligence of the defendant?

   ANSWER: Yes

2. Did the plaintiff by his own negligence contribute to his injury?

   ANSWER: No

3. What amount, if any, is the plaintiff entitled to recover for personal injury?

   ANSWER: $70,000

On 27 January 1995 the trial court entered judgment in favor of plaintiff for $25,114.98 representing $70,000 less the $50,000 already paid pursuant to the settlement agreement, plus pre-judgment interest and $2,480.46 in costs.

On appeal Braddy contends the trial court erred by: (1) bifurcating Counts IV and V; (2) ordering Count IV tried as a personal injury action rather than a contract action; (3) allowing Nationwide, pursuant to N.C. Gen. Stat. § 20-279.21(b)(4), to proceed as an unnamed defendant; (4) excluding statements by Nationwide valuing Braddy's claim; (5) excluding expert testimony regarding the appropriate amount of damages for Braddy's injuries; and (6) denying Braddy's motion for a new trial.

I.

[1] We first consider Braddy's contention the trial court abused its discretion by bifurcating Counts IV and V.

N.C.R. Civ. P. 42(b) provides, in pertinent part, "[t]he court may in furtherance of convenience or to avoid prejudice . . . order a separate trial of any claim . . . ." N.C. Gen. Stat. § 1A-1, Rule 42(b) (1990). A bifurcation order will not be disturbed on appeal unless the trial court abused its discretion, *Hoots v. Toms and Bazzle*, 100 N.C. App. 412, 417, 396 S.E.2d 820, 822-823 (1990), by making a decision "manifestly unsupported by reason," *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). In any event, "[a] bifurcated trial is particularly appropriate where separate submission of issues avoids confusion and promotes a logical presentation to the jury, and <u>where resolution of the separated issue will potentially dispose of the entire case</u>." *In*

*re Will of Hester*, 320 N.C. 738, 743, 360 S.E.2d 801, 804, *reh'g denied*, 321 N.C. 300, 362 S.E.2d 780 (1987) (emphasis added) (citations omitted). *See also Hoots*, 100 N.C. App. at 417, 396 S.E.2d at 823 (finding no abuse of discretion when trial court severed certain issues which "had the advantage of possibly making it unnecessary to try the other issues").

The present record establishes the trial court, by severing Counts IV and V, clearly reduced "the delay, expense and inconvenience to all participants." 2 G. GRAY WILSON, NORTH CAROLINA CIVIL PROCEDURE § 42-3 (2d ed. 1995). Further, we note the resolution of Count IV, in fact, obviated the need for a trial on Count V. *See* N.C. Gen. Stat. §§ 58-63-15(11)g - h (1994). Therefore, under *Hester* and *Hoots*, we cannot say the trial court abused its discretion by bifurcating Counts IV and V.

II.

**[2]** Braddy also contends the trial court erred by ordering Count IV tried as a personal injury action rather than a breach of contract action.

At the outset we note, although the legal principles herein followed are often enunciated in uninsured motorist (UM) cases, this Court has nonetheless found them applicable to UIM actions. *Brace v. Strother*, 90 N.C. App. 357, 360, 368 S.E.2d 447, 449, *disc. review denied*, 323 N.C. 171, 373 S.E.2d 104 (1988), *overruled on other grounds*, *Ragan v. Hill*, 337 N.C. 667, 447 S.E.2d 371 (1994).

It is well settled that "[u]nless an insured is ' "legally entitled to recover damages" . . . from the [underinsured] motorist the contract upon which he sues precludes him from recovering against [the UIM carrier].' " *Id.* (*quoting Brown v. Casualty Co.*, 285 N.C. 313, 320, 204 S.E.2d 829, 834 (1974)). See also *Williams v. Insurance Co.*, 269 N.C. 235, 237, 152 S.E.2d 102, 105 (1967) (to recover under a UM endorsement the claimant must show "(1) he is legally entitled to recover damages, (2) from the owner . . . of an uninsured automobile, (3) because of bodily injury, (4) caused by accident, and (5) arising out of the . . . use of the uninsured automobile"). Put simply, the right to recover under a UIM endorsement is "derivative and conditional" and, consequently, any defense available to the alleged tortfeasor is also available to the insurer. *Brace*, 90 N.C. App. at 360, 368 S.E.2d at 449.

We believe, therefore, "[i]t is manifest . . . that despite the contractual relation between plaintiff insured and defendant [UIM]

insurer, this action is actually one for the tort allegedly committed by the [underinsured] motorist." *Brown*, 285 N.C. at 319, 204 S.E.2d at 834. Accordingly, as Count IV sounds in tort, we affirm the trial court's order that Count IV be tried as a personal injury action rather than a contract action.

III.

**[3]** We next consider Braddy's contention the trial court erred by allowing Nationwide, pursuant to N.C. Gen. Stat. § 20-279.21(b)(4), to remain an unnamed defendant.

Neither party disputes that section 20-279.21(b)(4) applies to the present UIM policies. *See Baxley v. Nationwide Mutual Ins. Co.*, 115 N.C. App. 718, 721, 446 S.E.2d 597, 598 (1994) ("[T]he provisions of [an applicable] statute become terms of the policy to the same extent as if they were written in the policy . . . ."). Therefore, we must now determine whether, under the present facts and circumstances, section 20-279.21(b)(4) permitted Nationwide to remain an unnamed· defendant.

Nationwide cites *Sellers v. N.C. Farm Bureau Mut. Ins. Co.*, 108 N.C. App. 697, 424 S.E.2d 669 (1993) as being dispositive of this issue. In *Sellers*, plaintiff filed a negligence action against defendant tortfeasor. *Id.* at 698, 424 S.E.2d at 669. Plaintiff subsequently amended her complaint to add a claim for UIM coverage. *Id.* As plaintiff admitted she had settled and released her claim against the tortfeasor, the trial court granted the tortfeasor's motion for summary judgment. *Id.* at 698, 424 S.E.2d at 669-670. After dismissing the action against the tortfeasor, the trial court substituted the heretofore unnamed UIM carrier as the named defendant in the action. *Id.* at 698, 424 S.E.2d at 670.

On appeal this Court reversed the trial court holding, "release or settlement of an action against the tortfeasor does not vitiate the express statutory terms of N.C.G.S. 20-279.21(b)(4) such that the action can continue with the [UIM] carrier remaining as an unnamed defendant." *Id.* at 699-700, 424 S.E.2d at 670 (emphasis added). Indeed, as the *Sellers* Court admonished:

[section 20-279.21(b)(4)] is, to us, clear and unambiguous. The [UIM] insurer . . . "*shall* have the right to appear in defense of the claim *without being named as a party therein, and . . . may participate* in the suit as fully as if it were a party." This language and the cases which demonstrate its application convince us that

> even if the tortfeasor is released from the action, the case can continue, if requested [by the UIM insurer pursuant to section 20-279.21(b)(4)], in the tortfeasor's name only.

*Sellers*, 108 N.C. App. at 699, 424 S.E.2d at 670 (citation omitted) (emphasis added). The *Sellers* Court indicated this interpretation was necessary to ensure "[juries] would . . . concentrate on the facts and the law as instructed, rather than the parties . . . ." *Id.*

In an attempt to distinguish the present case from *Sellers*, Braddy contends he joined Brooks as a party defendant at Nationwide's request and subsequently dismissed Brooks after discovering Nationwide concealed its waiver of subrogation rights against Brooks from 1992 to 1995. Assuming Braddy's allegation is true, we nevertheless conclude this is a distinction without legal significance.

Although the separate concurrence opines that section 20-279.21(b)(4) does not expressly envision the UIM carrier defending as an unnamed party when the tortfeasor has been dismissed as a party defendant prior to trial, we are nonetheless bound by this Court's previous holding that application of section 20-279.21(b)(4) does not hinge on whether or not the tortfeasor remains a party defendant. *Sellers*, 108 N.C. App. at 699-700, 424 S.E.2d at 670. See *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (one panel of this Court bound by decision of previous panel).

In fact, the present case is virtually identical to *Sellers*. First, the sole issue before the trial court was a claim for UIM coverage. Second, the tortfeasor was dismissed from the action and Nationwide, the UIM insurer, was the only remaining party defendant at trial. Third, Nationwide and Braddy are in privity based on the UIM policies. Last, Braddy is trying to substitute Nationwide as the named defendant. Put simply, the present case and *Sellers* involve the same claim, the same type of plaintiff and defendant, and the same relationship between plaintiff and defendant. Therefore, as an insurer's rights under section 20-279.21(b)(4) are not tied to subrogation rights, we find no meaningful distinction between the present case and *Sellers*. Accordingly, under *Sellers*, we believe Nationwide, at least initially, had a statutory right to prosecute its defense as an unnamed defendant.

Braddy also alleges, however, that Nationwide waived its statutory right in the UIM policies. Specifically, Braddy contends Nationwide waived its rights under section 20-279.21(b)(4) by includ-

ing a provision which states "liability will be determined only in a legal action against [Nationwide]."

Although we recognize an insurance company may waive a right created by statute for its benefit by an express contract provision, *see Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 298, 378 S.E.2d 21, 27 (1989) (whether right based in statute or equity insurance company expressly waived it in the insurance contract), *Carrow v. Weston*, 247 N.C. 735, 737, 102 S.E.2d 134, 136 (1958) ("'A person *sui juris* may waive practically any right he has unless forbidden by law or public policy.' "), we nonetheless believe the plain language of the contested provision merely requires the claimant to join Nationwide as a party-defendant to any action involving a determination of liability. Accordingly, as Nationwide has not waived its statutory rights under section 20-279.21(b)(4), we affirm the trial court's order allowing Nationwide to proceed as an unnamed defendant.

Finally, as we determine Count IV sounds in tort, and Braddy was afforded the opportunity to be heard on his claim for damages against the tortfeasor and, thereby, his derivative claim for UIM coverage against Nationwide—a claim created by the same statute, section 20-279.21, which allows Nationwide to proceed as an unnamed party—we reject Braddy's assertion his due process rights were violated.

IV.

Braddy also argues he was materially prejudiced when the trial court excluded: (1) alleged admissions by Nationwide valuing his claim at over $50,000; and (2) the testimony of Braddy's expert on the appropriate value of his claim.

A.

[4] As the present action sounds in tort, this Court must now determine whether alleged admissions by an unnamed defendant insurer are admissible in a personal injury action as some evidence of the appropriate value to accord a claimant's injuries.

Initially we note the alleged valuations, as with all interdepartmental communications of an insurer, are inadmissible hearsay unless they fall within an exception. 19 MARK S. RHODES, COUCH CYCLOPEDIA OF INSURANCE 2d § 79:167 (Rev. ed. 1983). Braddy, however, contends the valuations constitute admissions by a party opponent. *See* N.C. Gen. Stat. § 8C-1, Rule 801 (1992).

**BRADDY v. NATIONWIDE MUTUAL LIABILITY INS. CO.**

[122 N.C. App. 402 (1996)]

Assuming, without deciding, that claim estimates are admissions by a party opponent, the evidence may nevertheless be excluded under N.C.R. Evid. 403 where it exposes one party to unfair prejudice because the evidence has " '[a]n undue tendency to suggest decision on an improper basis, commonly, though not necessarily, as an emotional one . . . .' " *State v. Moore*, 107 N.C. App. 388, 396, 420 S.E.2d 691, 696 (*quoting* Commentary to N.C. Gen. Stat. § 8C-1, Rule 403), *disc. review denied*, 332 N.C. 670, 424 S.E.2d 414 (1992). The decision to admit or exclude evidence under Rule 403 is in the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Jones*, 89 N.C. App. 584, 594, 367 S.E.2d 139, 145 (1988).

In the present personal injury action, we believe admitting claim estimates prepared by Nationwide, an unnamed defendant insurer, would unduly prejudice the defense. Indeed, if allowed to inform the jury that Nationwide has investigated this claim and prepared claim valuations, Braddy would, in our estimation, circumvent the policy behind N.C. Gen. Stat. § 8C-1, Rule 411 and section 20-279.21(b)(4) which is to have the jury focus on the facts and not the existence of liability insurance. *See Sellers*, 108 N.C. App. at 699, 424 S.E.2d at 670; N.C. Gen. Stat. § 8C-1, Rule 411 (1992). Accordingly, we affirm the trial court's exclusion of alleged claim valuations by Nationwide.

B.

[5] Braddy also contends the trial court erred by excluding expert testimony regarding the value of his claim.

It is well settled "opinions of experts as to matters in the ordinary experience of men are inadmissible, since the jury itself is deemed capable of deciding such questions." 19 Rhodes, Couch Cyclopedia of Insurance 2d § 79:104. As the United States Supreme Court has noted:

> expert testimony not only is unnecessary but indeed may properly be excluded in the discretion of the trial judge "if all the primary facts can be accurately and intelligibly described to the jury, and if they, as [persons] of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are [expert] witnesses . . . ."

*Salem v. United States Lines*, 370 U.S. 31, 35, 8 L. Ed. 2d 313, 317 (*quoting United States Smelting Co. v. Parry*, 166 F. 407, 415 (8th Cir. 1909)), *reh'g denied*, 370 U.S. 965, 8 L. Ed. 2d 834 (1962).

**BRADDY v. NATIONWIDE MUTUAL LIABILITY INS. CO.**

[122 N.C. App. 402 (1996)]

Indeed, it is beyond question that juries, in a myriad of legal settings, are routinely entrusted with determining the compensation to which a claimant is entitled. Although we recognize expert testimony may be helpful in establishing a range of damages in complex litigation, *see, e.g.*, *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 671 n.2, 464 S.E.2d 47, 62 n.2 (1995) (expert testimony used to establish diminished market value), we do not view the present personal injury action as such a case. Accordingly, we affirm the trial court's exclusion of Braddy's damages expert.

V.

Finally, we consider Braddy's contention he is entitled to a new trial. In support of this contention, Braddy re-asserts the previously discussed allegations.

"Under N.C. Gen. Stat. § 1A-1, Rule 59, a party may obtain a new trial either for errors of law committed during trial or for a verdict not sufficiently supported by the evidence." *Eason v. Barber*, 89 N.C. App. 294, 297, 365 S.E.2d 672, 674 (1988). A motion for a new trial is nevertheless addressed to the sound discretion of the trial court, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal. *Watkins v. Watkins*, 83 N.C. App. 587, 591, 351 S.E.2d 331, 334 (1986).

As we affirm the trial court's rulings which form the basis for Braddy's new trial motion, we likewise conclude the trial court did not abuse its discretion by denying plaintiff's Rule 59 motion.

No error.

Judge GREENE concurs with separate opinion and Judge JOHN joins in this concurrence.

Judge GREENE concurring.

Although I fully concur with the opinion of the majority, I do so reluctantly with respect to Part III. The facts in this case are somewhat different from those of the *Sellers* case, relied on by the majority in Part III. In *Sellers* the tortfeasor was originally a *named* party defendant and the underinsured (UIM) carrier was an *unnamed* party defendant. The action against the named defendant was dismissed and the trial court ordered that the UIM carrier be included as a named defendant. In this case, both the tortfeasor and the UIM car-

rier were *named* defendants. The plaintiff voluntarily dismissed its claim against the tortfeasor with a reservation that it was "not intended to and shall not affect [its] claims for relief asserted against" the UIM carrier. The trial court thereafter ordered that the case be tried in the name of the tortfeasor, not the name of the UIM carrier. The jury was asked to determine whether the plaintiff had been injured by the negligence of Thomas E. Brooks, the tortfeasor. The jury returned a verdict in favor of the plaintiff on this issue and the trial court entered a judgment against Nationwide.

Nonetheless, the language of *Sellers* does appear to permit the UIM carrier to defend the action in the name of the tortfeasor, although the tortfeasor has been dismissed from the case, and even when the UIM carrier is a *named* party defendant. In other words, the jury can be instructed that the tortfeasor is the defendant in the case, when in fact the tortfeasor is not a party defendant and the UIM carrier is a party defendant.

I am aware of the public policy considerations in support of this type of procedure. As stated in *Sellers*, juries will "more likely concentrate on the facts and the law" and not be influenced by the fact that an insurance company is the party defendant. *Sellers*, 108 N.C. App. at 699, 424 S.E.2d at 670. My concern is that section 20-279.21(b)(4) only speaks in terms of allowing the UIM carrier to defend as an unnamed party defendant when the tortfeasor is a party defendant and that any extension of that rule should be in the province of the legislature. In the absence of legislation permitting the procedure used in this case, it would appear that the action is properly filed against the UIM carrier as a named defendant, with the burden on the plaintiff to show he is legally entitled to recover damages from the tortfeasor for injuries sustained in a collision involving the underinsured vehicle. *See Williams v. Nationwide Mut. Ins. Co.*, 269 N.C. 235, 237, 152 S.E.2d 102, 105 (1967); 3 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 34.1 (2d ed. 1995) (plaintiff has burden of showing underinsured motorist was negligent, even though action is against UIM carrier). Because I am bound by *Sellers*, however, I join with the majority in affirming the trial court.