CAPTAIN WILLIAM C. ROYALS, JAMES MARION ROYALS, MOSES A. TART, ET AL V. WILLIAM ELI BAGGETT (INDIVIDUALLY) AND WIFE JEAN BAGGETT AND WILLIAM ELI BAGGETT AS ADMINISTRATOR OF JOHN C. WILLIAMS, DECEASED.

(Filed 26 September 1962.)

**Executors and Administrators § 2—**

> Where, less than thirty days after the death of intestate, the clerk appoints as administrator the nominee of one of the next of kin without citation to the others of equal right, and two of such other persons apply for letters within six months of the death of intestate, the court, upon appeal from the refusal of the clerk to revoke the letters of administration, properly remands the matter to the clerk with direction that the clerk consider the qualifications of all three persons, but should not revoke the letters if the clerk should find that the person appointed is better qualified and more suitable to administer the estate. G.S. 28-6(b), G.S. 28-15.

APPEAL by petitioners from Bone, J., June Civil Term 1962 of SAMPSON.

This is a petition for the removal of. the defendant William Eli Baggett as administrator of the estate of John C. Williams, deceased.

John C. Williams of Sampson County, North Carolina, died intestate on 3 December 1961 leaving no widow and no descendants, but leaving surviving him as his next of kin ten nieces and nephews whose names are set out in the record. On 7 December 1961, Bernard J. Baggett, one of said nephews, renounced his right to administer on the estate of the said John C. Williams, deceased, and nominated in his stead his son William Eli Baggett, who was appointed administrator of said estate on 7 December 1961, and the said William Eli Baggett then entered upon the administration of said estate.

On 4 April 1962 the petitioners herein filed a petition requesting the removal of William Eli Baggett as administrator of the estate of John C. Williams, deceased, and for the appointment of James M. Royals and Moses A. Tart as administrators of said estate, these nephews having applied for letters of administration within six months of the death of the intestate.

This matter came on for hearing before the Clerk of the Superior Court of Sampson County on 11 May 1962, and no evidence having been offered tending to show that William Eli Baggett "is incompetent or incapable or an unfit person to administer said estate or that he is in any manner mishandling said estate," the Clerk found that William Eli Baggett is entitled ·under the law to act as administrator of the estate of the said John C. Williams, deceased, and declined to revoke the letters of administration theretofore issued to him.

·The petitioners appealed to the Superior Court. When this cause came on for hearing in the Superior Court, and it appearing from the record that William Eli Baggett was appointed to administer on said estate by the Clerk without considering the comparative qualifications and suitability of the other nieces and nephews of said decedent for appointment as such administrator, and without any notice having been given to such other nieces and nephews, the court set aside the order of the Clerk of the Superior Court from which the appeal was taken, and remanded the matter to the Clerk and (1) directed him to reconsider the matter for the purpose of deciding in the exercise of his sound discretion who among those persons entitled thereto is most suitable and best qualified to administer on the estate of John C. Williams, deceased; and (2) that since none of the petitioners except James M. Royals and Moses A. Tart have applied for letters of administration on said estate, the Clerk be required to consider only the comparative qualifications and suitability of the said James M. Royals, Moses A. Tart and William Eli Baggett in deciding who is best qualified to administer upon said estate.

The order further provided that if the Clerk shall find William Eli Baggett is better qualified and more suitable to administer the estate, then, in that event, he shall not revoke the letters of administration heretofore issued to the said William Eli Baggett, but said letters shall remain in full force and effect; otherwise, to revoke said letters and appoint one or both of the other applicants.

The petitioners appeal, assigning error.

*E. J. Wellons, E. R. Temple for appellants.*
*McLeod & McLeod for appellees.*

PER CURIAM. G.S. 28-6 (b) provides: "Any person who renounces his right to qualify as administrator may at the same time nominate in writing some other qualified person to be named as administrator, and such designated person shall be entitled to the same priority of right to qualify as administrator as the person making the nomination. Provided, that the qualification of the appointee shall be within the discretion of the clerk of court."

This Court, in *Hill v. Alspaugh,* 72 N.C. 402, said: "We think the true intent and meaning of the statute is that the persons primarily entitled to administration shall assert their right and comply with the law within six months after the death of the intestate, and that a party interested, wishing to quicken their diligence *within that time,* must do so by citation as prescribed by statute, or if a person, not preferred, applied for administration *within six months,* he must pro-

BURKE v. R.R.

duce the written renunciation of the person or persons having prior right." G.S. 28-15; *Williams v. Neville,* 108 N.C. 559, 13 S.E. 240.

No citation having been issued as required by statute prior to the issuance of letters to William Eli Baggett, the judgment of the court below will be upheld.

Affirmed.