DONALD A. BRACE v. DONALD C. STROTHER, SR., AND MARY G. STROTHER, COLLECTORS OF THE ESTATE OF DONALD C. STROTHER, JR. (DECEASED)

No. 8710SC699

(Filed 31 May 1988)

1. **Executors and Administrators § 19.1— claim against decedent arising from auto accident—failure to file within six months—all claims in excess of amount of insurance dismissed**

     The trial court in a personal injury action properly dismissed all of plaintiff's claims in excess of $25,000 where plaintiff's claim arose on 2 July 1984, the day of the automobile accident and defendants' son's death; pursuant to N.C.G.S. § 28A-19-3, plaintiff had an outside time limit of six months, until 2 January 1985, to file an action against decedent's estate; and since plaintiff did not initiate this action until 13 June 1986, he was clearly barred from recovering anything from decedent's estate except "to the extent that the decedent . . . [was] protected by insurance coverage with respect to such claim."

2. **Executors and Administrators § 19.1; Insurance § 69— claim against decedent arising from auto accident—failure to file within six months—no coverage under plaintiff's underinsured motorist coverage**

     There was no merit to plaintiff's contention that the underinsured motorist coverage contained in his automobile insurance policy fell within the exception to the six-month limitations period of N.C.G.S. § 28A-19-3, since that statute provides an exception to the limitations statute only for claims where there is insurance under which the *decedent* was an insured, and plaintiff's underinsured motorist coverage protected him only and not the decedent; moreover, since plaintiff was only legally entitled, by statute, to recover $25,000 and nothing more from decedent, he could not bring a claim for a greater amount against defendant insurance company under his underinsured motorist endorsement.

3. **Executors and Administrators § 9— parents of decedent as collectors of decedent's property by affidavit—suit against parents improper**

     Plaintiff's personal injury action against defendants, parents of the driver of the automobile in which plaintiff was a passenger, was properly dismissed, since defendants were merely collectors by affidavit of decedent's estate, and plaintiff was required to bring his action against the collector or personal representative of decedent. N.C.G.S. § 28A-25-1.

APPEAL by plaintiff from *Barnette, Judge.* Order entered 12 March 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 5 January 1988.

*Howard, From, Stallings & Hutson by John N. Hutson, Jr., for plaintiff appellant.*

*Bailey, Dixon, Wooten, McDonald, Fountain & Walker by Gary S. Parsons and Alan J. Miles for defendant appellees.*

COZORT, Judge.

Plaintiff filed this personal injury action to recover damages incurred in an automobile accident while riding with defendants' deceased son. Defendants denied negligence and filed a motion for summary judgment. From the trial court's order granting partial summary judgment in defendants' favor, plaintiff appeals. We affirm.

On 2 July 1984, plaintiff was a passenger in an automobile owned and operated by defendants' son. An accident occurred which killed defendants' son instantly and severely injured plaintiff.

At the time of the accident defendants' son had an automobile liability insurance policy with Nationwide Mutual Insurance Company (Nationwide). This policy provided bodily injury coverage of up to $25,000.00. Plaintiff also had an automobile insurance policy with Nationwide which provided underinsured motorists coverage up to $100,000.00.

On 10 August 1984, defendants applied to the Wake County Clerk of Superior Court for issuance of an affidavit for collection of personal property for their deceased son's estate. On 27 December 1984, defendants filed a final affidavit of collection, disbursement and distribution of their son's personal property with the Clerk of Superior Court. Defendants were never appointed collectors or personal representatives for their son's estate.

On 13 June 1986, plaintiff filed a complaint against defendants as collectors for their son's estate. His complaint alleged that defendants' son's negligence was the proximate cause of his injuries and that defendants' son was underinsured under the terms of plaintiff's policy with Nationwide. He further alleged that he had tried to recover under the underinsured motorists provision of his policy, but that Nationwide had refused to pay. Plaintiff then prayed for the following relief: (1) actual damages in excess of $300,000.00 against defendants; (2) punitive damages in excess of $100,000.00 against defendants; (3) actual damages against Nationwide for the limits of its underinsured motorist coverage; and (4) appointment of an administrator for the estate of defendants' son.

Brace v. Strother

After answering the complaint, defendants and Nationwide filed a motion for summary judgment. The trial court considered the motion as one for partial summary judgment and ruled only on the issues argued at the summary judgment hearing. Accordingly, the trial court granted summary judgment to defendants and Nationwide on the following issues: (1) plaintiff's claim for punitive damages; (2) plaintiff's claim against defendants because they lacked capacity to be sued; (3) plaintiff's claims in excess of $25,000.00; and (4) plaintiff's claims against Nationwide. From this order, plaintiff appeals.

[1] Plaintiff first argues that the trial court erred in dismissing all of his claims in excess of $25,000.00 and in dismissing his claim against Nationwide. We disagree.

N.C. Gen. Stat. § 28A-19-3, "Limitations on presentation of claims," provides:

> (b) All claims against a decedent's estate which arise at or after the death of the decedent, . . . founded on contract, tort, or other legal basis are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent unless presented to the personal representative or collector as follows:
>
> \* \* \* \*
>
> (2) With respect to any claim other than a claim based on a contract with the personal representative or collector, *within six months after the date on which the claim arises.*
>
> \* \* \* \*
>
> (i) Nothing in this section shall bar:
>
> (1) Any claim alleging the liability of the decedent or personal representative; . . .
>
> \* \* \* \*
>
> to the extent that the decedent or personal representative is protected by insurance coverage with respect to such claim . . . . (Emphasis added.)

In the present action, plaintiff's claim arose on 2 July 1984, the day of the automobile accident and defendants' son's death.

Plaintiff had an outside time limit of six months, or until 2 January 1985, to file an action against the decedent's estate. Since plaintiff did not initiate this action until 13 June 1986, he is clearly barred from recovering anything from the decedent's estate, except "to the extent that the decedent . . . is protected by insurance coverage with respect to such claim . . . ." N.C. Gen. Stat. § 28A-19-3(i) (1984). The decedent in this case had an automobile liability insurance policy with Nationwide with policy limits of $25,000.00 for bodily injury. Plaintiff may recover only up to this amount if he prevails in his negligence action against decedent's personal representative or collector.

[2]    Plaintiff concedes that his recovery is limited to the amount of insurance applicable to this claim, since he filed suit more than six months after the decedent's death. He contends, however, that the underinsured motorist coverage contained in his automobile insurance policy also falls within the exception to the limitations statute. We disagree.

The language of N.C. Gen. Stat. § 28A-19-3(i) provides an exception to the limitations statute only for claims where there is insurance under which the *decedent* was an insured. Plaintiff's underinsured motorist coverage protected himself only and not the decedent. In addition, the right to recover under an "uninsured motorist endorsement is derivative and conditional." *Brown v. Casualty Co.*, 285 N.C. 313, 319, 204 S.E. 2d 829, 834 (1974). Unless an insured is " 'legally entitled to recover damages' . . . from the uninsured motorist the contract upon which he sues precludes him from recovering against [the insurance company]." *Id.* The insurance company assumes liability only for damages that an insured may recover in a court of law in an action against the uninsured motorist. *Id.* at 320, 204 S.E. 2d at 834. "Any defense available to the uninsured tort-feasor should be available to the insurer." *Id.* at 319, 204 S.E. 2d at 834. We believe the same principles should apply to underinsurance provisions.

All that plaintiff may recover from the underinsured decedent is the $25,000.00 coverage the decedent had under his policy with Nationwide. Since plaintiff is only legally entitled, by statute, to recover this amount and nothing more from the decedent, he may not bring a claim for a greater amount against Nationwide under his underinsured motorist endorsement. Ac-

cordingly, we hold that the trial court properly dismissed all claims against Nationwide and limited plaintiff's claim to $25,000.00.

**[3]** Plaintiff next argues that the trial court erred in dismissing the action against defendants on the grounds that defendants lacked the capacity to be sued. We disagree.

N.C. Gen. Stat. § 28A-18-1(a) provides that "[u]pon the death of any person, all demands whatsoever, and rights to prosecute or defend any action . . . against such person . . . shall survive to and against the *personal representative* or *collector* of the estate." (Emphasis added.) This statute serves a twofold purpose: "(1) To declare what causes of action survive the death of the person in whose favor or against whom they have accrued; and (2) to designate the persons who *may* sue or *be sued* upon such surviving causes of action." *McIntyre v. Josey*, 239 N.C. 109, 110, 79 S.E. 2d 202, 203 (1953) (emphasis added).

In addition, N.C. Gen. Stat. §§ 28A-11-3(a)(4) and 28A-13-3(a) (15) provide that collectors and personal representatives respectively may defend actions against an estate. A collector by affidavit, however, has no such authority under N.C. Gen. Stat. § 28A-25-3, which lists the duties of a collector by affidavit. The procedure for collection of property by affidavit provides an informal means of collecting and distributing the property of a small estate with less than $10,000.00 in property. N.C. Gen. Stat. § 28A-25-1 (1984).

In the case at bar, plaintiff was required by N.C. Gen. Stat. § 28A-18-1 to bring his action against the collector or personal representative. He filed his action against defendants in their representative capacity as collectors. Defendants were merely collectors by affidavit under N.C. Gen. Stat. § 28A-25-1. Since plaintiff failed to bring his action against the proper party or parties, his action against defendants was properly dismissed.

Finally, plaintiff argues that the trial court erred in denominating its order as one for partial summary judgment. We agree with plaintiff's contention; however, we find no reversible error.

The trial judge below granted summary judgment as to the issues argued by defendants at the summary judgment hearing.

This order fully disposed of all plaintiff's claims against defendants and Nationwide and barred plaintiff from any further proceedings against these parties on these issues. The only issue left from plaintiff's complaint is his request that an administrator be appointed for decedent's estate. A superior court judge lacks jurisdiction to appoint an administrator, because the original and exclusive jurisdiction to appoint administrators lies with the clerk of superior court. *In re Estate of Adamee,* 291 N.C. 386, 230 S.E. 2d 541 (1976); N.C. Gen. Stat. § 28A-2-1 (1984). Therefore, the trial court erred in denominating its order as one for partial summary judgment because there were no issues left to be decided in this action. Mislabeling the judgment as "partial" was not reversible error because the trial court's substantive rulings were correct.

We hold that the order of the trial court should be affirmed, even though erroneously denominated as one for partial summary judgment.

Affirmed.

Judges PARKER and GREENE concur.