RAGAN v. HILL

[110 N.C. App. 648 (1993)]

---

EDITH B. RAGAN AND CALVIN P. RAGAN, PLAINTIFFS v. JAMES T. HILL, ADMINISTRATOR OF THE ESTATE OF JERRY WAYNE THOMAS AND JOHN K. WILLIFORD, DEFENDANTS

No. 9214SC161

(Filed 15 June 1993)

1. **Appeal and Error § 476 (NCI4th)— denial of summary judgment motion—no review on appeal from trial on the merits**
   The denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits.

   **Am Jur 2d, Appeal and Error §§ 793 et seq.**

2. **Limitations, Repose, and Laches § 69 (NCI4th)— claim against decedent's estate—timeliness of claim—award for amount in excess of insurance carried by decedent barred**
   Plaintiff's claim against defendant administrator, whose son's negligence caused the automobile accident in which plaintiff was severely injured, was barred as a matter of law by N.C.G.S. § 28A-19-3(b) except to the extent that the son was insured, since plaintiff did not file the claim within six months; furthermore, the court on appeal vacates that part of the judgment awarded to plaintiff which is greater than $25,000, the amount of liability insurance which decedent himself carried.

   **Am Jur 2d, Executors and Administrators §§ 633 et seq.**

Appeal by defendant from judgment entered 13 September 1991 in Durham County Superior Court by Judge J. Milton Read, Jr. Heard in the Court of Appeals 13 January 1993.

## RAGAN v. HILL

[110 N.C. App. 648 (1993)]

On 23 March 1986, Edith B. Ragan was riding in an automobile owned by Ms. Mae White Womble. Ms. Ragan sustained serious permanent injuries when a vehicle driven by Jerry Wayne Thomas veered into the path of the Womble vehicle, causing a head on collision. Mr. Thomas died as a result of injuries suffered in the accident. It is undisputed that Mr. Thomas was negligent in the operation of his automobile and that his negligence resulted in serious personal injury to Ms. Ragan and a loss of consortium to Mr. Ragan. The collision also involved Dr. John K. Williford, as his vehicle collided into the rear of Ms. Ragan's vehicle. Although Dr. Williford was a defendant in this case at trial, the jury found no negligence on his part and he is not a party to this appeal.

On 8 July 1988, Mr. and Ms. Ragan filed their complaint. Integon Insurance Company, Mr. Thomas' liability carrier, elected not to file an answer on his behalf and admitted liability to the extent of its $25,000.00 policy limit. Nationwide Mutual Insurance Company, the underinsured carrier for the Womble vehicle (the vehicle Ms. Ragan was riding), filed an answer on behalf of Mr. Thomas. North Carolina Farm Bureau Insurance Company (NCFB), the underinsured carrier on an automobile owned by the Mr. and Mrs. Ragan, also filed an answer on behalf of defendant Hill.

Prior to trial, defendants Hill and NCFB filed motions for summary judgment, and Judge Donald W. Stephens denied defendants' summary judgment motions. The case came on for trial before Judge J. Milton Read, Jr. Defendant Hill moved for a directed verdict at the close of plaintiff's evidence and again at the close of all the evidence. Judge Read denied both of defendant Hill's directed verdict motions. On 13 September 1991, the jury returned a verdict in favor of Ms. Ragan in the amount of $325,000.00 for her personal injuries and in favor of Mr. Ragan in the amount of $10,000.00 for loss of consortium. Defendant Hill then filed a motion for judgment notwithstanding the verdict, and Judge Read denied that motion and entered judgment on the jury's verdict. Defendants Hill and NCFB filed a timely notice of appeal.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr., John R. Kincaid, and Robert E. Levin, for plaintiff-appellees.*

*Lee A. Patterson, II and Sanford W. Thompson, IV for defendant-appellants.*

ARNOLD, Chief Judge.

In total, defendants raise three issues upon appeal. They are:

(1) Did the trial court err in denying defendants' motions for summary judgment?

(2) Did the trial court err in denying defendant Hill's motions for directed verdict and judgment notwithstanding the verdict?

(3) Did the trial court err in entering judgment in an amount greater than $25,000.00, the amount of the deceased's liability insurance?

We will address each of these issues in order.

## I. SUMMARY JUDGMENT

[1] First defendants assign error to the trial court's denial of his motion for summary judgment, pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. The denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits. *Harris v. Walden*, 314 N.C. 284, 333 S.E.2d 254 (1985).

## II. DIRECTED VERDICT and JNOV

[2] Next, defendants contend that it was error for the trial court to deny Defendant Hill's motions for directed verdict and JNOV, because N.C. Gen. Stat. § 28A-19-3(b) bars plaintiff's claim as a matter of law.

At the time this cause of action arose, G.S. § 28A-19-3(b) read, in pertinent part, as follows:

(b) All claims against a decedent's estate which arise at or after the death of the decedent . . . founded on . . . tort . . . are forever barred against the estate . . . unless presented to the personal representative or collector as follows:

\* \* \* \*

(2) . . . within six months after the date on which the claim arises.

\* \* \* \*

RAGAN v. HILL

[110 N.C. App. 648 (1993)]

(i) Nothing in this section shall bar:

(1) Any claim alleging the liability of the decedent . . .

\* \* \* \*

to the extent that the decedent or personal representative is protected by insurance coverage with respect to such claim . . . .

In *Brace v. Strother*, 90 N.C. App. 357, 368 S.E.2d 447, *rev. denied*, 323 N.C. 171, 373 S.E.2d 104 (1988), this Court considered the application of N.C. Gen. Stat. § 29-19-3 in a case similar to the case at bar. In *Brace*, plaintiff was a passenger in an automobile that was owned and operated by defendants' son. An accident occurred which killed defendants' son instantly and severely injured plaintiff. At the time of the accident, defendants' son had an automobile liability policy with $25,000 of coverage. Plaintiff carried underinsured motorist coverage of $100,000. More than six months, but less than two years, after the accident, plaintiff filed suit, alleging that defendants' son's negligence proximately caused plaintiff's injuries. The trial court granted partial summary judgment for the defendant and the plaintiff appealed.

Upon appeal, the *Brace* court held that N.C. Gen. Stat. § 28A-19-3 applied and held that the six month statute of limitations applied on plaintiff's cause of action. The Court went on to hold that, while G.S. § 28A-19-3 provided an exception to the six month statute of limitations on claims for which a decedent was insured, plaintiff could make no recovery under plaintiff's underinsured motorist policy because plaintiff had no claim against the decedent in any amount over that amount for which the decedent himself was insured.

Finding that the case at bar is not distinguishable from *Brace*, we reverse the trial court's denial of defendant's motion for a directed verdict.

III. JUDGMENT GREATER THAN $25,000.00

Following *Brace*, we must vacate that part of the judgment awarded to plaintiff which is greater than $25,000.00, the amount of liability insurance which the decedent himself carried. This case is remanded for entry of an appropriate judgment consistent with this opinion.

The trial court's judgment is

Reversed and remanded.

Judges COZORT and LEWIS concur.