EDITH B. RAGAN AND CALVIN P. RAGAN v. JAMES T. HILL, ADMINISTRATOR OF THE ESTATE OF JERRY WAYNE THOMAS AND JOHN K. WILLIFORD

No. 296PA93

(Filed 9 September 1994)

**Limitations, Repose, and Laches § 69 (NCI4th); Executors and Administrators § 103 (NCI4th)— claim against estate—not timely presented—no personal representative or collector appointed—claim not barred**

A claim against an estate arising from an automobile collision was not barred because it was not timely presented where no personal representative or collector had been appointed. N.C.G.S. § 28A-19-3 requires that claims arising at or after the death of the decedent be presented to the personal representative or collector within six months after the date on which the claim arises; however, contrary to language in *Brace v. Strother*, 90 N.C. App. 357, this statute requires only that a claim be presented to the personal representative or collector and does not require the filing of an action in court. The statutory scheme presumes the appointment of a personal representative or collector to receive those claims and the legislature did not intend the non-claim statute to operate where no personal representative or collector has been appointed. Although N.C.G.S. § 28A-5-2 allows an interested person to apply to have entitled persons adjudged to have renounced and to then have letters of administration issued to some other person, this statute addresses the rights of various persons to administer the estate and there is no requirement that persons in plaintiffs' position have a personal representative appointed when no one entitled steps forward to administer the estate. N.C.G.S. § 28A-19-3 is a non-claim statute which serves a different purpose and operates independently of the statute of limitations, which may also be applicable.

RAGAN v. HILL

[337 N.C. 667 (1994)]

**Am Jur 2d, Executors and Administrators §§ 584 et seq., 633 et seq.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 110 N.C. App. 648, 430 S.E.2d 489 (1993), reversing and remanding a judgment entered by Read, J., in the Superior Court, Durham County, on 13 September 1991. Heard in the Supreme Court 3 February 1994.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr., and Robert E. Levin, for plaintiff-appellants.*

*Bryant, Patterson, Covington & Idol, P.A., by Lee A. Patterson, II, for defendant-appellee Hill; and Thompson, Barefoot & Smyth, by Sanford W. Thompson, IV, for unnamed defendant-appellee N.C. Farm Bureau Mutual Insurance Company.*

FRYE, Justice.

In this appeal, plaintiffs contend that the Court of Appeals erred in holding that their personal injury action was barred because a claim was not presented to the personal representative of decedent's estate within six months of decedent's death. Plaintiffs further contend that defendant and plaintiffs' underinsured motorist carrier are estopped from asserting this time bar as a defense because they did not raise the defense until twenty-two months after the complaint was filed and after representing during discovery that no such defense was present. We find it unnecessary to address plaintiffs' estoppel argument since we conclude that the applicable statute does not operate in this case to bar plaintiffs' cause of action.

On 23 March 1986, Edith B. Ragan was driving an automobile owned by Mae White Womble along Highway 55 near Fuquay-Varina. Ragan sustained serious permanent injuries when a vehicle driven by Jerry Wayne Thomas veered into the path of the Womble vehicle, causing a head-on collision. Thomas died as a result of injuries suffered in the accident. It is undisputed that Thomas was negligent in the operation of his automobile and that his negligence resulted in serious personal injury to Ms. Ragan and a loss of consortium to Mr. Ragan. The collision also involved Dr. John K. Williford, whose vehicle collided into the rear of the Womble vehicle. Although Dr. Williford was a defendant in this case at trial, the jury found no negligence on his part and he is not a party to this appeal.

On 8 July 1988, plaintiffs initiated this action against James T. Hill, Administrator of Thomas' estate, and against Williford. Integon Insurance Company, Thomas' liability carrier, elected not to file an answer on defendant's behalf and admitted liability to the extent of its $25,000 policy limit. Nationwide Mutual Insurance Company, the underinsured motorist (UIM) carrier for the Womble vehicle, filed an answer on behalf of defendant Hill. Pursuant to N.C.G.S. § 20-279.21(b), the Ragans' UIM carrier, North Carolina Farm Bureau Insurance Company (Farm Bureau), also filed an answer in its own name denying any negligence on the part of Thomas and asserting a second defense of contributory negligence. On 6 July 1990, defendants Hill and Farm Bureau were granted leave to amend their answers to add a defense of statute of limitations. Prior to trial, defendants Hill and Farm Bureau filed motions for summary judgment which were denied. On 6 February 1991, Farm Bureau elected, pursuant to N.C.G.S. § 20-279.21(b), to appear and participate in the trial in the name of James T. Hill, Administrator of the Estate of Jerry Wayne Thomas.

The case came on for trial before Judge J. Milton Read, Jr. Defendant Hill moved for a directed verdict at the close of plaintiffs' evidence and again at the close of all the evidence. Judge Read denied both motions. On 13 September 1991, the jury returned a verdict in favor of Ms. Ragan in the amount of $325,000 for her personal injuries and in favor of Mr. Ragan in the amount of $10,000 for loss of consortium. Defendant Hill then filed a motion for judgment notwithstanding the verdict, and Judge Read denied that motion and entered judgment on the jury's verdict. Defendants Hill and Farm Bureau appealed.

The Court of Appeals reversed, holding that the case was indistinguishable from *Brace v. Strother*, 90 N.C. App. 357, 368 S.E.2d 447, *rev. denied*, 323 N.C. 171, 373 S.E.2d 104 (1988), which held that a similar claim was barred by time limitations under N.C.G.S. § 28A-19-3. This statute has since been amended to provide that such claims are not barred where there is underinsured or uninsured motorist coverage that might extend to such claims. 1989 N.C. Sess. Laws ch. 485, § 65.

The version of N.C.G.S. § 28A-19-3 applicable in *Brace*, and in the instant case, provides:

(b) All claims against a decedent's estate which arise at or after the death of the decedent, . . . founded on contract, tort, or

other legal basis are forever barred against the estate, . . . unless presented to the personal representative or collector as follows:

. . . .

(2) With respect to any claim other than a claim based on a contract with the personal representative or collector, within six months after the date on which the claim arises.

. . . .

(i) Nothing in this section shall bar:

(1) Any claim alleging the liability of the decedent or personal representative; . . .

. . . .

to the extent that the decedent or personal representative is protected by insurance coverage with respect to such claim, proceeding or judgment.

N.C.G.S. § 28A-19-3(b)(2), (i)(1) (1984).

In *Brace v. Strother*, the plaintiff filed his personal injury action twenty-three months after an automobile accident in which he was injured and the defendants' son was killed. At the time of the accident the defendants' son had an automobile liability insurance policy providing up to $25,000 in bodily injury coverage. The plaintiff's automobile insurance policy provided up to $100,000 in UIM coverage. In his suit, the plaintiff sought damages from the defendants and from his own insurance carrier for the limits of the UIM coverage. The trial court granted the UIM carrier's summary judgment motion as to all the plaintiff's claims and granted the defendants' summary judgment motion for the plaintiff's claims in excess of $25,000. Applying the above statute, the Court of Appeals stated that

[p]laintiff had an outside time limit of six months, or until 2 January 1985, to file an action against the decedent's estate. Since plaintiff did not initiate this action until 13 June 1986, he is clearly barred from recovering anything from the decedent's estate, except "to the extent that the decedent . . . is protected by insurance coverage with respect to such claim . . . ." N.C. Gen. Stat. § 28A-19-3(i) (1984). The decedent in this case had an automobile liability insurance policy with Nationwide with policy limits of $25,000 for bodily injury. Plaintiff may recover only up to this

amount if he prevails in his negligence action against decedent's personal representative or collector.

*Brace*, 90 N.C. App. at 360, 368 S.E.2d at 449. Following *Brace*, the Court of Appeals, in the present case, reversed the trial court's denial of defendant's motion for a directed verdict and vacated that part of the judgment greater than $25,000, the amount of the decedent's liability insurance.

In considering the application of *Brace* to the present case, it is necessary that we first clarify the nature and operation of section 28A-19-3. This section is the type of statute that is commonly referred to as a "non-claim statute." Though similar to a statute of limitations, it serves a different purpose and operates independently of the statute of limitations that may also be applicable to a given claim. Section 28A-19-3 is a part of Chapter 28A, entitled "Administration of Decedents' Estates," enacted in 1973 to provide faster and less costly procedures for administering estates. The time limitations prescribed by this section allow the personal representative to identify all claims to be made against the assets of the estate early on in the process of administering the estate. The statute also promotes the early and final resolution of claims by barring those not presented within the identified period of time.

Subsection (b) of section 28A-19-3 specifically requires that claims arising at or after the death of the decedent be presented to the personal representative or collector within six months after the date on which the claim arises. Section 28A-19-1 sets out the manner of presentation of claims including some circumstances under which the filing of an action in a court of law may constitute the presentation of a claim. N.C.G.S. § 28A-19-1 (1984). However, contrary to language from the Court of Appeals in *Brace*, section 28A-19-3 does not require the filing of an action in a court of law. *Brace*, 90 N.C. App. at 360, 430 S.E.2d at 449. Instead, the statute requires only that a claim be presented to the personal representative or collector within the stated period. The filing of an action is of course applicable to statutes of limitations which restrict the assertion of legal rights to a specific time period in order to avoid stale claims. The usual statute of limitations applicable to a personal injury action is three years as found in N.C.G.S. § 1-52(5). A cause of action may be barred by either or both of these statutes.

Under the above statutes, plaintiffs in the present case were required to present their claim to the personal representative or col-

lector of the estate within six months after the claim arose and then, if not satisfied with the response, to file their personal injury action within the three year statute of limitations. To the extent that *Brace* interprets § 28A-19-3 as requiring the filing of an action in court within six months after the claim arises, it is overruled.

Plaintiffs complied with the statute of limitations, but did not present their claim in accord with the non-claim statute. Plaintiffs contend, however, that their claim should not be barred by the non-claim statute since there was no "personal representative or collector of the estate" to whom a claim could be presented during the six months following the decedent's death. Plaintiffs argue that this fact distinguishes the present case from *Brace*, in which the decedent's parents did serve as collectors by affidavit pursuant to N.C.G.S. § 28A-25-1. Defendants, however, contend that this distinction is meaningless since the collector by affidavit is not a "personal representative or collector of the estate" as those terms are used in Chapter 28A.

The plaintiffs in *Brace* could have presented their claim to the collectors by affidavit, persons authorized by the Small Estates Article of Chapter 28A to pay claims against the estate to the extent that personal property of the decedent has been collected by them. N.C.G.S. § 28A-25-3(a) (1984). However, the Court of Appeals, in *Brace*, did not focus on the question of whether presenting a claim to the parents as collectors by affidavit would satisfy the non-claim statute but instead focused on whether a suit could be maintained against them in their representative capacity. Furthermore, according to the opinion in *Brace*, "[p]laintiff concede[d] that his recovery [was] limited to the amount of insurance applicable to this claim, since he filed suit more than six months after the decedent's death." *Brace*, 90 N.C. App. at 360, 368 S.E.2d at 449. Thus, we do not consider *Brace* as authority for this case where no one had been appointed or purported to act on behalf of the estate in any official capacity; thus, there was no "personal representative or collector of the estate" to whom a claim could have been presented within the six months following the death of the decedent.

Section 28A-19-3(b) requires that claims be presented "to the personal representative or collector." Under section 28A-19-1, presentation of a claim is accomplished by mailing or delivering "to the personal representative or collector" a written statement of the claim. N.C.G.S. § 28A-19-1 (1984). While the Uniform Probate Code and some other states allow claims to also be filed with the clerk of court,

Chapter 28A recognizes only presentment to the personal representative or collector. *See Uniform Probate Code* (U.L.A.) § 3-804(1); Colo. Rev. Stat. § 15-12-804(1) (1987); N.D. Cent. Code § 30.1-19-04(1) (3-804) (1976). Thus, our statutory scheme for handling claims against decedents' estates presumes the appointment of a personal representative or collector to receive those claims. We do not believe that the legislature intended the non-claim statute to operate where no personal representative or collector has been appointed.

This result is not in conflict with the purpose of the statute, the prompt and cost-effective administration of estates where no prior action has been taken to administer the estate. Plaintiffs' pursuit of their claim in the present case, more than two years after the claim arose, had no adverse impact on the timeliness of the administration of the decedent's estate, since no one had been appointed to administer the estate. Because there was no personal representative or collector against whom their claim could be asserted, plaintiffs requested that James T. Hill qualify as administrator. Once Hill was appointed administrator, plaintiffs were able to proceed with this action against Hill in his role as administrator pursuant to N.C.G.S. § 28A-18-1. If anything, plaintiffs' efforts to recover on their claim caused the administration of this estate to take place sooner than it otherwise would have. We further note that claimants who, like plaintiffs, find no personal representative to whom they may present their claims are not without some time limitations on actions to recover on their claims. As noted above, any action filed in a court of law will be subject to the applicable statute of limitations, in this case, three years. Further, N.C.G.S. § 28A-19-3(f) provides that any claims barrable under subsections (a) and (b) "shall, in any event, be barred if the first publication or posting of the general notice to creditors . . . does not occur within three years after the death of the decedent." N.C.G.S. § 28A-19-3(f) (1984).

Defendants argue that the present cause of action should be barred even though no personal representative had been appointed, because plaintiffs had the means to secure the appointment of a personal representative prior to the expiration of the non-claim period, citing N.C.G.S. § 28A-5-2. Section 28A-5-2 provides for the appointment of an administrator in cases where qualified persons renounce the right to apply for letters of administration. N.C.G.S. § 28A-5-2 (1984). This section specifically allows an interested person to apply to have entitled persons adjudged to have renounced and to then have letters of administration issued to some other person. This statute

addresses the rights of various persons to administer the estate, including allowing interested persons to "quicken [the] diligence" of persons primarily entitled to administration by applying to have some other person appointed. *Royals v. Baggett*, 257 N.C. 681, 682, 127 S.E.2d 282, 283 (1962). However, there is no requirement in this statute or elsewhere in Chapter 28A that persons in plaintiffs' position have a personal representative appointed when no one entitled to serve steps forward to administer the estate. We decline to judicially impose such a requirement under the facts of the present case.

We thus conclude that plaintiffs' cause of action is not barred for failure to present the claim to the personal representative within the time prescribed by N.C.G.S. § 28A-19-3(b) where no personal representative or collector had been appointed for the estate. For the reasons stated herein, the decision of the Court of Appeals is reversed, and the case is remanded for reinstatement of the judgment of the trial court.

REVERSED AND REMANDED.