**WRIGHT v. SMITH**

[151 N.C. App. 121 (2002)]

Affirmed.

Judges WYNN and TYSON concur.

—————————

DOROTHY M. WRIGHT, Individually, and as Administratrix of the ESTATE OF JOHN WRIGHT, JR., Plaintiff-Appellant v. MARION SMITH, Administrator of the ESTATE OF JOHN EDWARD WRIGHT, SR., and MARION SMITH, Administrator of the ESTATE OF JENNIE BRYANT WRIGHT, and MARY SUE BURLESON, Defendant-Appellees v. WILLIAM WRIGHT, unmarried; TERRY DOLAN WRIGHT & RHONDA WRIGHT; BOBBY & JOANN B. WRIGHT; WILLA MAE SUMMEY, widow; PAULENE CAMPBELL, unmarried; and GERALINE MERRILL, unmarried, Third Party Defendants

No. COA01-530

(Filed 18 June 2002)

**Estates— administration—statute of limitations**

The three-year statute of limitations for contract actions bars an action seeking specific performance of a contract by Wright, Sr. to convey land at his death to Wright, Jr. where Wright, Sr. died intestate in 1978; Wright, Jr. died intestate in 1989; Wright, Sr.'s wife conveyed the disputed tract to her daughter, defendant Burleson, in 1991; an administrator was appointed for Wright, Sr.'s estate in 1998; and plaintiff brought this action in 1998. Although plaintiff contended that the statute of limitations did not begin to run until an administrator was appointed, the title to the land passed to the heir immediately upon death and the administrator never had possession. Moreover, while N.C.G.S. § 1-22 will allow the time limit for filing an action to be extended when a personal representative is appointed before the statute of limitations lapses, the claim is subject to the traditional statute of limitations if a personal representative is not appointed within that time.

Appeal by plaintiff from order dated 12 February 2001 by Judge Melzer A. Morgan, Jr. in Superior Court, Randolph County. Heard in the Court of Appeals 30 January 2002.

*Stephen E. Lawing for plaintiff-appellant.*

*Wyatt Early Harris Wheeler, L.L.P., by William E. Wheeler, for defendant-appellee Marion Smith, Administrator of the Estate*

  ·  *of John Edward Wright, Sr., and Marion Smith, Administrator of the Estate of Jennie Bryant Wright.*

*Megerian & Wells, by Franklin E. Wells, Jr., for defendant-appellee Mary Sue Burleson.*

McGEE, Judge.

Plaintiff filed a complaint dated 2 December 1998 alleging John Edward Wright, Sr. (Wright, Sr.) contracted in 1977 to devise certain property at his death to John Wright, Jr. (Wright, Jr.). Plaintiff, as administrator of Wright, Jr.'s estate, sought specific performance of the contract against defendant Marion Smith, as administrator of the estates of Wright, Sr. and Wright, Sr.'s wife, Jennie Bryant Wright (Jennie Wright). Mary Sue Burleson (defendant Burleson) filed a motion to dismiss dated 10 February 1999 and a motion for summary judgment on 2 November 2000. Plaintiff filed a motion for summary judgment on 3 November 2000. A hearing was held on the motions on 18 January 2001. The trial court granted summary judgment in favor of defendant Burleson and dismissed plaintiff's claims in an order dated 12 February 2001. Plaintiff appeals.

Wright, Sr. conveyed a tract of land to Wright, Jr. on 18 May 1977. A message was typed on a map of the conveyed tract of land which stated:

> To whom it may concern: Jr. and Dorothy Wright has paid $1000. for this 4 acre tract. And at my death the remainder of my estate goes to my son, John Wright, Jr. for the love and care he has taken of me and Mom.

The paper was signed, "J. E. Wright". Wright, Sr. died intestate on 7 January 1978. Wright, Jr. died intestate on 18 August 1989. Jennie Wright conveyed a tract of land consisting of about five acres to her daughter, defendant Burleson, on 17 July 1991. Plaintiff contends this property was part of the estate that Wright, Sr. contracted to give to Wright, Jr. in 1977. Jennie Wright died intestate 30 April 1995.

Plaintiff first argues the trial court erred in granting defendant Burleson's motion for summary judgment because the action was not barred by any statute of limitations. Plaintiff contends the statute of limitations in this matter did not begin to run until an administrator was appointed for Wright, Sr.'s estate, which did not occur until 10 November 1998. In support of plaintiff's argument, plaintiff relies on

*Pearson v. Pearson,* 227 N.C. 31, 40 S.E.2d 477 (1946). In *Pearson,* our Supreme Court stated, "[t]he administrator is a trustee and so, in the absence of demand and refusal, any statute of limitations which bars an action by the legatee or distributee to recover his share of the estate does not begin to run until the administrator completes and closes the administration." *Id.,* 227 N.C. at 33, 40 S.E.2d at 479. Plaintiff contends since she filed suit on 4 December 1998, she is well within any statute of limitations period to file a claim for specific performance of the contract.

However, Wright Sr.'s administrator does not have, nor has he ever had, possession of or title to this tract of land. "When a property owner dies intestate, the title to his real property vests immediately in his heirs." *Swindell v. Lewis,* 82 N.C. App. 423, 426, 346 S.E.2d 237, 239 (1986); N.C. Gen. Stat. § 28A-15-2(b) (1999) ("The title to real property of a decedent is vested in his heirs as of the time of his death[.]"). While a personal administrator has certain procedures by which the administrator may recover the real property to pay debts, the title to the real property does not automatically vest with the personal administrator upon the administrator's appointment in the same manner that title to personal property vests automatically with the administrator. *See* N.C. Gen. Stat. § 28A-15-2(a) (1999). While *Pearson* dealt with real property and our Supreme Court held the plaintiffs' action was not barred by the statute of limitations, *Pearson* can be distinguished from the case before us. In *Pearson,* the administrator had obtained actual title to the real property. The title "had been sequestered by the court and placed in the hands of the administrator. He was in actual possession." *Pearson,* 227 N.C. at 33, 40 S.E.2d at 479. However, in the case before us, title to the disputed real property passed to and vested in Wright, Sr.'s wife, Jennie Wright, immediately upon the death of Wright, Sr. in 1978. The administrator of Wright, Sr.'s estate never possessed title to the disputed real property.

Furthermore, any complaint plaintiff may have for damages for breach of contract is now void because the statute of limitations has passed. N.C. Gen. Stat. § 1-22 (1999) states:

If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative or collector after the expiration of that time; provided, the action is brought or notice of the

claim upon which the action is based is presented to the personal representative or collector within the time specified for the presentation of claims in G.S. 28A-19-3.

While N.C.G.S. § 1-22 allows for a suspension of the statute of limitations between the period from the death of the decedent and the appointment of an administrator, N.C.G.S. § 1-22 is not applicable to the case before us. Our Supreme Court stated in *Ragan v. Hill*, 337 N.C. 667, 447 S.E.2d 371 (1994) that "our statutory scheme for handling claims against decedents' estates presumes the appointment of a personal representative or collector to receive those claims. We do not believe that the legislature intended the non-claim statute to operate where no personal representative or collector has been appointed." *Id.* at 673, 447 S.E.2d at 375. In *Ragan*, our Supreme Court focused on N.C. Gen. Stat. § 28A-19-3 and did not specifically mention N.C.G.S. § 1-22. However, N.C.G.S. § 1-22 also presumes an administrator has been appointed. The title of N.C.G.S. § 1-22 reads "Death before limitation expires; action by or against personal representative or collector[,]" in part indicating the legislature intended the statute to apply only when a personal representative has been appointed. N.C.G.S. § 1-22 also requires that an action be brought in compliance with the time specified for the presentation of claims in N.C.G.S. § 28A-19-3.

Given these provisions, we hold no suspension of the statute of limitations can occur until a personal representative is appointed to administer the estate. If such an appointment occurs before the statute of limitations lapses, N.C.G.S. § 1-22 will allow the time limit within which to file an action against the estate to be extended according to N.C.G.S. § 28A-19-3. However, if a personal representative is not appointed, these two statutes are not activated, and the claim is subject to the traditional statute of limitations that apply to the particular cause of action.

*Ragan* anticipated such a set of facts. Our Supreme Court stresses that a "cause of action may be barred by either or both [N.C. Gen. Stat. § 28A-19-3 or N.C. Gen. Stat. § 1-52(5)]." *Ragan*, 337 N.C. at 671, 447 S.E.2d at 374. Our Supreme Court also notes "that claimants who, like plaintiffs, find no personal representative to whom they may present their claims are not without some time limitations on actions to recover on their claims. As noted above, any action filed in a court of law will be subject to the applicable statute of limitations[.]" *Ragan* at 673, 447 S.E.2d at 375.

Plaintiff failed to file an action against Jennie Wright on the alleged contract within three years of Wright, Sr.'s death; as a result, the three year statute of limitations for contracts bars any such action. *See* N.C. Gen. Stat. § 1-52(1) (1999). We dismiss this assignment of error.

We have reviewed plaintiff's remaining assignments of error and find them to be without merit; they are therefore dismissed.

The judgment of the trial court is affirmed.

Affirmed.

Judges WALKER and BIGGS concur.