THE STATE OF NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF MEDICAL ASSISTANCE, PLAINTIFF v. ANNA MARIE THOMPKINS, EXECUTRIX OF THE ESTATE OF SALLIE DYE ANTHONY, DEFENDANT

No. COA09-1137

(Filed 6 July 2010)

**Statutes of Limitation and Repose— recovery of costs of Medicaid assistance—doctrine of nullum tempus occurritt regi**

The trial court did not err by awarding summary judgment in favor of plaintiff Department of Health and Human Services in the amount of $52,575.14 for Medicaid assistance in connection with decedent's nursing home and hospital expenses based upon application of the doctrine of *nullum tempus occurritt regi*, which exempts the State and its political subdivisions from the running of time limitations on claims unless the pertinent statute expressly includes the State. The General Assembly failed to explicitly subject the State to the bar created by N.C.G.S. § 28A-19-3(a).

Appeal by defendant from judgment entered 10 July 2009 by Judge Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 10 December 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Joel L. Johnson, for the State.*

*Morgan, Herring, Morgan, Green and Rosenblutt, LLP, by John Haworth, for defendant-appellant.*

ERVIN, Judge.

Defendant Anna Marie Thompkins, Executrix of the Estate of Sallie Dye Anthony, appeals from an order awarding summary judgment in favor of the Plaintiff Division of Medical Assistance of the North Carolina Department of Health and Human Services in the

amount of $52,575.14. After careful consideration of Defendant's challenges to the trial court's judgment in light of the record and the applicable law, we affirm the trial court's judgment.

Ms. Anthony died on 27 August 2004. Prior to her death, Plaintiff expended a total of $52,575.14 in Medicaid assistance in connection with her nursing home and hospital expenses.

On 5 July 2005, Defendant contacted Ida Henry, an employee of Plaintiff's Estate Recovery Section, and inquired about the "process of resolving the debt owed to the Division of Medical Assistance." According to Ms. Henry, Defendant stated that Ms. Anthony had owned real property at the time of her death that had sufficient value to satisfy the debt in the event that it was sold and that she would contact the tenants who currently occupied the property to ascertain their interest in purchasing it.

On 1 July 2008, Defendant qualified as Executrix of Ms. Anthony's estate. A notice to Ms. Anthony's creditors was published on 5 July 2008. Plaintiff never received a copy of the notice to creditors; Defendant did not claim to have sent one to Plaintiff.

On 10 July 2008, Ms. Anthony's devisees[1] sold the real property that Ms. Anthony owned at the time of her death to High Point University for $110,000. The deed reflecting this transaction was recorded at Book 6922, Page 1937 in the Guilford County Register of Deeds' office on 5 August 2008. With the exception of $6,079.62 applied toward funeral bills, legal fees, and administrative expenses, the proceeds from the sale of the property were retained by Ms. Anthony's devisees. On 10 November 2008, Defendant filed a final accounting with the Office of the Clerk of Superior Court of Guilford County, North Carolina, which was approved on 8 December 2008. Upon approval of final account, the personal representative was discharged.

By means of a letter dated 8 December 2008, Plaintiff transmitted a claim for reimbursement of the cost of the medical and skilled care services provided to Ms. Anthony to the Clerk of Superior Court of Guilford County. Defendant denied Plaintiff's claim on the grounds that it had not been presented within the time limitations specified in N.C. Gen. Stat. § 28A-19-3(f).

---

1. Ms. Anthony's devisee's were Jamaal Ageel Thompkins, Tamara Anderson, LaShandra McClendon Denson, and Rodriques Denson.

On 31 March 2009, Plaintiff filed a complaint alleging that Ms. Anthony "had received Medicaid services in the form of nursing home services and hospital services" in the total amount of $52,575.14 and that "[t]he provided services subjected [decedent's] estate to the Estate Recovery Plan of the State of North Carolina pursuant to N.C. Gen. Stat. § 108A-70.5 . . . ." As a result, Plaintiff alleged that it was entitled to the entry of judgment against Defendant in the amount of $52,575.14, plus penalties and interest. In an answer filed on 10 June 2009, Defendant asserted as an affirmative defense, among other things, that Plaintiff's claim was barred by the provisions of N.C. Gen. Stat. § 28A-19-3(f). On the same date, Defendant filed a motion for summary judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 56. On 10 July 2009, the trial court entered an order granting summary judgment in favor of Plaintiff on the grounds that, "[i]n order for the governmental purpose to be barred by a statute of limitations, the statute must expressly include the State in the limitation," and that "[t]he provisions of N.C. Gen. Stat. § 28A-19-3(f), cited by Defendant as the applicable statute of limitations, do not expressly include the State in the limitation." The trial court also concluded that N.C. Gen. Stat. § 28A-19(3)(a) and N.C. Gen. Stat. § 28A-19-3(b), "which are referenced in subsection (f), also do not expressly include the State in the limitation." As a result, the trial court entered "judgment against Defendant in the amount of $52,575.14," with each party to "bear its own costs in relation to this action."[2]

On appeal, Defendant argues that the trial court erred in granting summary judgment to Plaintiff and denying Defendant's summary judgment. More specifically, Defendant contends that the trial court erroneously entered summary judgment in favor of Plaintiff based upon a misapplication of the doctrine of *nullum tempus occurritt regi*. We disagree.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). In considering a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party. *Summey v. Barker*, 357 N.C.

---

2. Although the Defendant raised as a defense N.C. Gen. Stat. § 28A-17-12(b) to the claims of the State, neither the trial court nor the parties have raised this issue on appeal. We have, therefore, not addressed the issues arising from the application of this statute.

492, 496, 586 S.E.2d 247, 249 (2003) (citation omitted). We review a trial court's decision to grant summary judgment using a *de novo* standard of review. *Durham Land Owners Ass'n v. County of Durham*, 177 N.C. App. 629, 632, 630 S.E.2d 200, 202, *disc. review denied*, 360 N.C. 532, 633 S.E.2d 678 (2006).

The doctrine of *nullum tempus occurritt regi* "survives in North Carolina and applies to exempt the State and its political subdivisions from the running of time limitations unless the pertinent statute expressly includes the State." *Rowan County v. U.S. Gypsum Co.*, 332 N.C. 1, 8, 418 S.E.2d 648, 653 (1992). The Supreme Court has adopted a two-pronged test for use in determining whether the doctrine *nullum tempus occurritt regi* applies to cases in which the State was a party in order to reconcile the doctrine with N.C. Gen. Stat. § 1-30, "which provides that limitations apply to the State 'in the same manner as to actions by or for the benefit of private parties.'" *Rowan County*, 332 N.C. at 19, 418 S.E.2d at 654.

> If the function at issue is governmental, time limitations do not run against the State or its subdivisions unless the statute at issue expressly *includes* the State. If the function is proprietary, time limitations do run against the State and its subdivisions unless the statute at issue expressly *excludes* the State.

*Id.* (emphasis in original). Since Defendant has not argued that the State's claim arises from a non-governmental activity and since she has argued that the relevant statutory provision expressly includes the State, she has implicitly conceded that the claim that the State has advanced here arises from a governmental function. In this case, Defendant contends that the time limitation has run because the applicable provision, N.C. Gen. Stat. § 28A-19-3(a), "expressly includes the State."[3] As a result, the ultimate issue before us revolves around the proper construction of N.C. Gen. Stat. § 28A-19-3(a).

---

3. Since Ms. Anthony's estate was opened more than three years after her death, the directly-applicable statutory provision is that set out in N.C. Gen. Stat. § 28A-19-3(f), which provides that "[a]ll claims barrable under the provisions of [N.C. Gen. Stat. § 28A-19-3(a)] and [N.C. Gen. Stat. § 28A-19-3(b)] shall, in any event, be barred if first publication or posting of the general notice to creditors as provided for in [N.C. Gen. Stat. §] 28A-14-1 does not occur within three years after the death of the decedent." Given that N.C. Gen. Stat. § 28A-19-3(b) relates to claims "which arise at or after the death of the decedent," that statutory provision has no relation to the present dispute. As a result, if the State's claim had been barrable under N.C. Gen. Stat. § 28A-19-3(a), the fact that more than three years had elapsed since Ms. Anthony's death would have prevented its assertion against Defendant even if no notice had been published or delivered.

N.C. Gen. Stat. § 28A-19-3(a) provides, in pertinent part, that:

> All claims against a decedent's estate which arose before the death of the decedent, except contingent claims based on any warranty made in connection with the conveyance of real estate and claims of the United States and tax claims of the State of North Carolina and subdivisions thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, secured or unsecured, founded on contract, tort, or other legal basis, which are not presented to the personal representative or collector pursuant to [N.C. Gen. Stat. §] 28A-19-1 by the date specified in the general notice to creditors as provided for in [N.C. Gen. Stat. §] 28A-14-1(a) or in those cases requiring the delivery or mailing of notice as provided for in [N.C. Gen. Stat. §] 28A-14-1(b), within 90 days after the date of the delivery or mailing of the notice if the expiration of said 90 day period is later than the date specified in the general notice to creditors, are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent.

According to Defendant, N.C. Gen. Stat. § 28A-19-3(a) begins by including "all claims" within its coverage. As a result of the fact that N.C. Gen. Stat. § 28A-19-3(a) then excludes "tax claims of the State of North Carolina and subdivisions thereof," Defendant argues that the statute covers all other claims asserted on behalf of the State, including the type of claim advanced by Plaintiff in this case. According to Plaintiff, this construction of N.C. Gen. Stat. § 28A-19-3(a) is consistent with the underlying policy justification for statutes of this nature,[4] which is that "in the normal course of events there should be a specified time period after which claims against an estate can no longer be filed, even if the creditor is the State of North Carolina or one of its subdivisions."[5] Furthermore, Defendant contends that including Plaintiff's claim within the scope of the claims barrable by N.C. Gen. Stat. § 28A-19-3(a) does not impose an unfair burden on

4. Technically speaking, N.C. Gen. Stat. § 28A-19-3 is a "non-claim statute" rather than a statue of limitation. *Ragan v. Hill*, 337 N.C. 667, 671, 447 S.E.2d 371, 374 (1994).

5. At one point in her brief, Defendant appears to acknowledge the inconsistency of this underlying policy argument with the Supreme Court's decision that North Carolina adheres to the doctrine of *nullum tempus occurrit regi* by commenting that, "[i]f this appeal were before the Supreme Court[,] it would present an excellent fact situation for review of the *Rowan County v. U.S. Gypsum Co.* decision . . . ." However, given that this Court is bound by the decisions of the Supreme Court, *Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985), we are not, as Defendant implicitly acknowledges, in a position to entertain a challenge to the continuing validity of the doctrine in question. Thus, we will not address Defendant's policy argument in our opinion.

Plaintiff given the fact that it will learn of a beneficiary's death when the flow of benefit payments stops and given that it has the authority to obtain the appointment of a personal representative pursuant to N.C. Gen. Stat. § 28A-5-2(b)(1) against whom its claim for reimbursement can be asserted. We do not find Defendant's construction of argument to be persuasive.

The fundamental problem with Defendant's argument is that it rests upon an inference of inclusion, rather than an express inclusion of the sort contemplated by *Rowan County.* The *American Heritage Dictionary 2d College Edition* defines "express" as "definitely and explicitly stated;" "particular;" and "specific." A reference to "all claims" is simply not an express reference to claims brought by the State. Nothing in N.C. Gen. Stat. § 28A-19-3(a) "explicitly" and "specifically" states that claims by the State are subject to the claim presentation requirement created by that statutory provision. The only reference to claims brought by the State or other governmental agencies in N.C. Gen. Stat. § 28A-19-3(a) is the express exclusion for "tax claims of the State and subdivisions thereof." Although Defendant's argument that this express exclusion of tax-related claims implies that all other governmental claims are included within the statutory bar, that argument rests on an implied rather than an express exclusion of the type required by *Rowan County.* As a result, given the General Assembly's failure to explicitly subject the State to the bar created by N.C. Gen. Stat. § 28A-19-3(a), we conclude under these facts that the trial court correctly determined that the "doctrine of *nullum tempus occurritt regi* exempts the State from any statute of limitation defense" because the State was otherwise not "expressly included in the statute of limitation." Thus, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Judges STROUD and ROBERT N. HUNTER, JR. concur.